## PHILIP C. TUCKER, ADM'R v. EMILY W. BRACKETT.

A surviving wife, by filing in the county court an inventory of the community property of herself and her deceased husband, renders herself liable to be sued on the community debts, for which such property is expressly made liable by the statute. (Paschal's Dig., Art. 4606, Note 1053.)

When such inventory and appraisement are filed, the wife becomes the surviving partner and representative of the community, and while she continues to act in that capacity she may be sued for the debts of the community; but, as her capacity is a fiduciary one, and as such suits are more in the nature of proceedings *in rem* than *in personam*, the judgment should be that satisfaction be had out of the community estate in her hands. (Paschal's Dig., Art. 4652.)

Though not expressly authorized by the statute, this court is of opinion that such judgments may be ordinarily enforced by process of execution. But if it be made to appear that by that mode of enforcement the community property is likely to be sacrificed and the estate to be rendered insolvent, the courts, in the exercise of their equitable jurisdiction, have ample power to afford all necessary or proper relief.

If, upon one of the contingencies specified by the statute, (Paschal's Dig., Arts. 4649, 4651,) administration upon the estate of the deceased husband be granted by the county court, the wife ceases thereupon to represent his estate as survivor, and cannot be further proceeded against as such by suit or execution.

Where the surviving wife is herself appointed administratrix of her husband's estate, on a proper showing she may obtain a perpetual injunction against execution of a judgment previously rendered against her as surviving partner of the community, with directions that the judgment be paid by her in due course of administration.

Judgment on a community liability was recovered against a surviving wife before she became administratrix of her deceased husband's estate, and she

obtained a temporary injunction against execution of it upon her allega-
tion of a payment made upon the debt.   Pending the injunction suit, she
was appointed administratrix of her husband's estate, which fact, and the
insolvency of the estate, she represented to the court below, praying for
general relief, and that if any decree be rendered against her, it be in her
character as administratrix, and to be satisfied in course of her administra-
tion:  *Held*, that, irrespective of the payment claimed in the original
petition for the injunction, which claim was not allowed, it was proper for
the court below to perpetuate the injunction against enforcement of the
judgment by execution and sale, and to direct that it be paid by the plain-
tiff in due course of her administration.

Where an injunction has been perpetuated on grounds that did not exist at
the time it was originally granted, the plaintiff should be taxed with such
of the costs as are equitable.  But error of this character may be remedied
in this court by reforming the judgment, without remanding the cause.

This court will not pass upon points upon which the court below has not
acted, directly or indirectly.

APPEAL from Bexar.   The case was tried before Hon.
THOMAS J. DEVINE, one of the district judges.

This was a suit for an injunction, commenced by the
appellee on the 5th of April, 1859, against the appellant,
to enjoin a judgment obtained by the latter against the
former for over $1,200 on a liability incurred in the life-
time of O. B. Brackett, deceased, the former husband of
the appellee.   (That case is fully reported in Tucker v.
Brackett, 25. Tex. Supp., 199.)   The main allegation set
out in the original petition was the discovery, since the
rendition of the judgment, of a receipt showing a payment
of $420, money paid on account anterior to the note on
which the judgment was founded.   On the case as pre-
sented by the original petition there was a trial at the fall
term, 1859, and judgment for the plaintiff, perpetuating
the injunction, which judgment, however, was reversed by
the Supreme Court at its Austin term, 1860, principally for
the reason that the evidence of the payment adduced by
the plaintiff was not sufficient to sustain the judgment.

The cause being remanded to the District Court, the
plaintiff amended her petition, and represented that since

22—XXVIII

the filing of her original petition she had been appointed administratrix of the estate of her deceased husband, that the estate was wholly insolvent, and was being administered under the direction of the probate court. Wherefore she prayed, that "if any judgment should be given against her as administratrix herein, or against said estate, that the same be paid as other claims against insolvent estates," and for general relief.

The case came to a second trial at the spring term, 1861, and was submitted to the court, by whose decree the injunction was made perpetual, but the judgment was established as against the estate of O. B. Brackett, to be certified to the county court for payment in due course of administration.

The defendant moved the court below to so amend its judgment as to dissolve the temporary injunction, and render judgment against the plaintiff and her sureties on the injunction bond for the amount of the enjoined judgment, interest, &c. This motion was overruled, and the defendant appealed.

*Wilcox & Leigh*, for the appellant.

No brief for the appellee.

Smith, J.—The appellee having filed an inventory and appraisement of the community property of herself and deceased husband in the county court, she thereby rendered herself liable to be sued upon the community debts, for which it was made expressly liable. (O. & W. Dig., Art. 810; Paschal's Dig., Art. 4646.) And, without any administration or further action in the county court, she had the right to manage, control, and dispose of said community property, real and personal, in such manner as may have seemed best for the estate, and of suing and being sued with regard to the same, in the same manner as

during the lifetime of her husband. (O. & W. Dig., Arts. 812, 816; Paschal's Dig., Arts. 4648, 4652.) The surviving wife, when an inventory and appraisment are filed as aforesaid, is made the surviving partner and representative of the community property, (Jones v. Jones, 15 Tex., 143,) and while she continues to act in that capacity she may be sued for the debts against the community; but as she is proceeded against in a fiduciary capacity, the action being more in the nature of a proceeding *in rem* than *in personam*, judgment should be that the amount be made of community estate in her hands. The laws do not expressly authorize the issuance of executions on such judgments; but it is the opinion of the court, that, as the community property is made expressly liable for the debts, (O. & W. Dig., Art. 810,) and suit may be brought against the survivor to enforce their collection, and as there is no administrator to proceed against, the most usual and customary remedy for the collection of debts by execution should be adopted. But if it should appear that the community property is likely to be sacrificed, and in that way the estate rendered insolvent, but which, with proper terms and conditions to the sale, would be saved from such sacrifice, the courts of equity would have ample power to interpose the proper and necessary terms and conditions. (Adriance v. Brooks, 13 Tex., 279.)

We believe the judgment of the 9th day of October, 1858, rendered in favor of the appellant against the appellee, as the survivor of O. B. Brackett, deceased, was properly rendered, to be collected of the community property. It was the only remedy he then had.

But upon the contingencies named in O. & W. Dig., Arts. 813, 814, (Paschal's Dig., Arts. 4649, 4650,) the county court had authority to grant administration on the estate of O. B. Brackett, deceased, as in other cases provided by statute; and we are of opinion that the moment administration on the estate was opened, then the appellee ceased to repre-

sent the estate as the survivor, and could not be further proceeded against by suit or execution as such surviving representative. The whole of the estate then passed legally from her hands as surviving wife, under the control and jurisdiction of the county court, to be disposed of in compliance with the laws governing estates in that court. And notwithstanding administration was granted upon the estate of O. B. Brackett, deceased, after the granting of the injunction in this cause, it was proper at the time it was tried in the District Court to render the judgment perpetuating the injunction against the collection of the debt by execution and sale, and that the same be paid by due course of administration.

There appears to be no controversy about the payment of the $420, as stated in the petition; no new evidence was introduced upon that point, and it, as a ground for the injunction, was settled in a former decision' of this court in this cause, and does not appear now to be insisted upon. (Tucker v. Brackett, 25 Tex. Supp., 119.)

The injunction was perpetuated upon grounds that did not exist at the time it was granted, and for that reason we believe it in accordance with the equitable powers of the court to decree the costs against the appellee, to be paid in due course of administration, which error can be obviated by reforming the judgment here.

Whether the appellant acquired an execution lien upon the lands embraced in the levy, which should have been recognized and established in the judgment to be enforced in the county court in due course of administration, we do not feel ourselves called upon to decide. The appellant has not in his pleadings asked for any such relief, nor does it even appear that the matter was brought to the attention of the court below, whose action alone we deem ourselves called upon to revise, and not to pass upon points upon which he has not acted, either directly or by implication.

It is ordered therefore that the judgment below be reversed, and reformed here to conform to this opinion.

REVERSED AND REFORMED.