G. W. GENTRY AND W. P. CONNELL v. LUCY A. COLLINS
ET AL.

(Case No. 3372.)

1. COMMUNITY PROPERTY — LIMITATION.— The title of the heirs of the mother to one-half of the community property, after her death, is as absolute and perfect as that of the father; and where they have reduced her interest in the community property to possession, a creditor seeking to subject that interest to the payment of what he claims to be a community debt, can only do so by showing that he has a valid claim against the ancestor. A judgment ob-

tained against the husband in a suit brought after the death of the wife, and to which the wife's heirs were not parties, does not constitute a valid debt against the heirs or their ancestor. As against the heirs, the suit against the husband does not stop the running of the statute of limitations, and if at the time the proceedings against them upon the judgment against the husband are instituted the claim on which the judgment is based would be barred, they may plead limitation against the judgment.

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

The opinion states the facts.

*Giddings & Morris*, for appellants.

*Shepard & Garrett* and *Sayles & Bassett*, for appellees.

WATTS, J.— Appellants filed their petition in the district court of Washington county against the appellees on the 5th day of August, 1875, containing, in substance, the following averments:

On the 19th day of March, 1860, Nathaniel Atkinson executed and delivered to G. W. Gentry and J. D. Giddings two promissory notes, each for the sum of $362. The first of these notes became due on the 1st day of January, 1861, the other the 1st day of January, 1862. These notes were given for land sold to said Atkinson during the life of his wife, Ann E. Atkinson; the latter died the 10th day of October, 1864, leaving several children.

The last-mentioned note was transferred to appellant P. W. Connell. No administration was ever had upon the estate of Mrs. Atkinson, nor did her husband qualify as survivor in community. The appellants Gentry and Connell instituted suit upon the two notes against said Nathaniel Atkinson individually, in the district court of Washington county, after the death of his said wife, and recovered a judgment against him the 17th day of April, 1868, and therein a foreclosure of the vendor's lien upon the land for which said notes were given was decreed. That in August, 1868, said land was sold by virtue of an order of sale, based upon said judgment. The proceeds arising from said sale, to

wit, $181, were applied to the judgment, leaving a balance unpaid of about $900. At the time of the death of Mrs. Atkinson they owned, as community property, besides the land sold by virtue of said order of sale, two tracts of land lying in Washington county, one containing four hundred and eighty acres, the other nine hundred and thirteen acres.

M. D. Anderson, on the 22d day of April, 1867, recovered a judgment against Atkinson upon a note executed by him after the death of his wife. The four hundred and eighty acre tract, less his homestead, was sold at sheriff's sale to satisfy said judgment in October, 1868. At the sale Wilkins became the purchaser, and afterwards conveyed the same to Killough, and on the 1st day of October, 1867, N. Atkinson conveyed the nine hundred and thirteen acre tract to his son-in-law, John Collins.

The appellees, as the heirs of Mrs. Atkinson, brought suit against Killough in 1873 for their mother's community interest in the land, and therein recovered and procured a partition of the same; in 1875 they also instituted a suit for one-half of the nine hundred and thirteen acre tract against parties claiming the same under the sale to Collins, and recovered the same, and pending a partition thereof, the appellants instituted this suit against them as heirs of Mrs. Atkinson, for the purpose of subjecting the lands recovered by them in the two partition suits to the payment of the unpaid balance on the judgment against N. Atkinson, rendered in 1868. Appellants subsequently filed two amendments to their original petition; these, however, contain no additional averments necessary to be noticed in the disposition of this case. The appellees excepted to the petition on the ground that it appeared from the averments thereof that appellants' cause of action had accrued more than four years before the institution of this suit. The court below sustained the exception, and the appellants having declined further to amend, the court rendered judgment that they take nothing by their suit, etc., to which appellants excepted, and gave notice of appeal.

The only error assigned is that the court erred in sustain-

ing the exception to the petition, and rendering judgment
for the appellees.

The question presented for decision is this: Will a judg-
ment rendered against the husband individually, after the
death of the wife, for a community debt, constitute such a
claim against the estate of the deceased wife or her heirs as
would prevent the running of the statute of limitations in
behalf of the said heirs on the original debt?

The notes given by Atkinson in 1860 were community
debts, and the community property of himself and wife was
subject to the payment of the same. Upon the death of Mrs.
Atkinson, her interest in that property vested in the appel-
lees, subject, however, to the payment of community debts.
The husband, after the death of the wife, could have retained
the possession and control of the whole community estate,
for the purpose of paying the community debts; and so long
as he retained such possession and control, he would have
the power to dispose of the same, if necessary, in settling
such debts.

Appellants cite and rely upon the case of Jones v. Jones,
15 Tex., 148. The only question determined by that decis-
ion is, that where the administrator of the husband is in the
possession and has the control of the community property,
and a community debt having been established against him
as such administrator, that the heirs of the deceased wife
could not recover from such administrator their deceased
mother's interest in the community estate, in a suit for
that purpose, upon the ground that the claim was barred at
and before the time it was established against the adminis-
trator.

The case before the court involves a different question
from that determined in Jones v. Jones, and is clearly dis-
tinguishable therefrom.

Here the husband had divested himself of the possession
and control of the nine hundred and thirteen acre tract of
land, by voluntary conveyance, prior to appellants' judg-
ment against him, and long after the death of his wife.
That a short time after the rendition of said judgment he

lost the possession and control of the four hundred and eighty acre tract by an execution sale, under a prior judgment against him for an individual debt.

The heirs of the mother had recovered by suits and reduced to possession her interest in the said lands. Whereas, in the case of Jones v. Jones, the administrator of the husband had the possession and control of the community property; had inventoried it as such, and was proceeding to administer the same for the benefit of the community creditors. The heirs of the deceased wife sued the administrator for the possession of the property, and the court held that the administrator was entitled to the possession of the property for the purpose of paying the debts. It seems that the effect of the statute of limitations could not properly have been made an issue in that case. The claim had been presented to the administrator as a community debt; he rejected it, and suit has been brought, and the claim established by a judgment of the court. The question of limitation after this could have been presented by the heirs of the mother only in a direct proceeding to set aside the judgment establishing the claim. In this view of the effect of the decision in the case of Jones v. Jones, we are sustained to a considerable extent by the opinion of the supreme court, delivered at the last Austin term, in the case of Carter et al. v. Conner et als., in which it is decided that an execution sale of the wife's community interest, upon a judgment recovered against the husband individually, after the wife's death, upon a community debt, passed no title to the property as against the heirs of the wife. That case, it should be remarked, is still before the court on a motion for rehearing.

Here the heirs of the deceased wife had reduced her interest in the community property to possession, and the appellants, by this suit, seek to subject that interest to the payment of what they claim to be a community debt. Certainly the title of the heirs of the mother to one-half of the community property, after her death, is as absolute and perfect as is that of the father to the other half; neverthe-

less upon her death he may retain the whole, and apply it to the proper payment of the community debts. But after the mother's interest has gone into the possession of her heirs, this power or right of the father over it is thereby determined. The creditor can only subject such property, in the possession of the heirs of the mother, to the payment of community debts, by legal proceedings. And if this be by suit against the heirs, then the creditor must show that he has a valid debt against the ancestor from whom the heirs have inherited, that property thus inherited has gone into their possession, and also the value of such property.

The judgment against Atkinson individually, rendered in 1868, *long after the death of his wife*, and to which appellees were not parties, did not constitute a valid and binding claim or debt against the estate of Mrs. Atkinson or her heirs. The production of that judgment could only show an indebtedness against Atkinson. And the appellants do not claim that appellees inherited any part of said land from him.

Hence, to establish a valid claim against the estate of Mrs. Atkinson, as a basis for subjecting the property to the payment thereof, the appellants must rely upon the two notes executed by Atkinson in 1860. Their petition shows that these notes had been due more than five years, while the statute of limitations was in active operation before the institution of this suit.

The appellees were not parties to the judgment against Atkinson, and do not claim said land as his heirs; hence there is no privity of estate, and in our opinion that judgment could not affect the question of limitation presented by the appellee's exception. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered December 20, 1880.]