# ENRIQUEZ *v.* GO–TIONGCO.

APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE
ISLANDS.

No. 95.    Argued March 13, 1911.—Decided April 3, 1911.

The Supreme Court of the Philippine Islands having held that on the
death of the wife the husband, if surviving, is entitled to settle the
affairs of the community, and on his subsequent death his executor
is the proper administrator of the same; and on the facts as found by
both courts below, *held* that in this case the community estate is liable
for services rendered with knowledge and consent of all parties in
interest in connection with sale of property belonging to it after
both husband and wife had died, and that the proper method of
collection was by suit against the husband's representative in his
capacities of executor and administrator.

The facts are stated in the opinion.

*Mr. Jackson H. Ralston*, with whom *Mr. Frederick
L. Siddons* and *Mr. William E. Richardson* were on the
brief, for appellants.

*Mr. Aldis B. Browne*, with whom *Mr. Alexander Britton*
and *Mr. Evans Browne* were on the brief, for appellees.

Mr. Justice Holmes delivered the opinion of the court.

This is an appeal from a judgment of the Supreme
Court of the Philippine Islands, affirming the judgment
of the Court of First Instance for the city of Manila, which
dismissed this suit.   The action was brought to set aside
a judgment sale of land in Manila, known as the Old
Theatre, formerly the community property of Antonio
Enriquez and his wife, Ciriaca Villanueva.   The plaintiffs

and appellants are the administrators of the estate of Antonio, including the interest of Ciriaca Villanueva, and all of the heirs of the two, except Francisco Enriquez, one of the defendants. The other defendants now before the court are the purchaser at the sale and a subsequent purchaser from him.

Ciriaca Villanueva died intestate in 1882. Thereafter her husband administered the community property until his death in 1884. By a codicil to his will, as stated by the Supreme Court, he provided "that the inventory, valuation and partition of this estate be made extrajudicially, and by virtue of the power which the law grants him he forbids any judicial interference in the settlement thereof, conferring upon his executors the necessary authority therefor, without any restriction whatever, and extending their term of office for such period as may be required for this purpose." The defendant Francisco Enriquez was the executor, and in April, 1886, was appointed the general administrator of the estate, including the interest of Ciriaca Villanueva, with directions to proceed in accordance with the codicil, which he did until March, 1901, except for a short time in May, 1900. There were no testamentary or other proceedings in court, and could not be, by Spanish law, in view of the codicil, but it lay with Francisco Enriquez to carry out the trust. There were differences among the heirs, and they made an agreement in August, 1897, for an extrajudicial partition, subject to the provisions of the will, in which Jose Moreno Lacalle was to act as an arbitrator. The partition fell through, but Lacalle rendered services to the two estates, as both courts have found, and on October 23, 1897, it was agreed by Francisco Enriquez, the defendant, and Rafael Enriquez, on behalf of the plaintiffs, that the land in question should be sold, for the purpose, among others, of paying Lacalle. No sale was made, however, and in 1898 Lacalle sued Francisco Enriquez as executor and ad-

ministrator, as aforesaid. The defendant admitted the debt, stated that he had no money, and pointed out this land for execution. On September 10, 1899, the land was sold for more than the appraised value to the defendant Go-Tiongco, who bought in good faith, and without notice of any claim unless notice is implied by law.

There is no question that every consideration of justice is in favor of the defendants, from whom the plaintiffs are endeavoring to get back the land without restitution of the purchase price and after the last purchaser has made costly improvements. The owners of the land agreed to the rendering of the services, but they attempt to avoid the payment on technical grounds. They say that the debt having been incurred after the death of the husband and wife, did not bind their estates, that if the claim had been good against the estate of the husband the suit should have been brought against his heirs, and finally, that the judgment against Francisco Enriquez could not bind the estate of Ciriaca, so that the sale must be void, at least in part. But in our opinion these objections ought not to prevail, on the facts as stated by both courts below and the law as it was administered in the Philippines at the time of the acts.

It seems to have been understood by everybody that Francisco Enriquez was administering both estates in fact, and to have been intended by his appointment in April, 1886, that he should do so by authority of law. The decree under which the plaintiff Rafael Enriquez now is administrator of the estate of both parents, on the face gives him the same authority that Francisco had had before. The Supreme Court holds in this case that on the death of the wife the husband, if surviving, is entitled to settle the affairs of the community and that on his death his executor is the proper administrator of the same. See *Alfonso* v. *Natividad,* 6 Phil. Rep. 240. *Prado* v. *Lagera,* 7 Phil. Rep. 395. *Johnston* v. *San Francisco Sav-*

*ings Union,* 75 California, 134. *Moody* v. *Smoot,* 78 Texas, 119. *Succession of Lamm,* 40 La. Ann. 312. *Crary* v. *Field,* 9 N. Mex. 222, 229; *S. C.,* 10 N. Mex. 257. We should be slow to disturb their decision, even if we did not believe it to be right, as we do. But when without dispute Antonio was acting, there seems to be no necessity for inquiring whether the appointment could have been avoided if the attempt had been made. The contract with Lacalle, if made by Francisco Enriquez, as seems to have been assumed below, was made as we have said by the wish of all. The services were rendered in aid of winding up the community business and were a proper charge upon the estate. See Civil Code of 1889, Art. 1064. *Sy Chung-Quiong* v. *Sy-Tiong Tay,* 10 Phil. Rep. 141. Francisco Enriquez was the only representative of the estate. The only practicable means of collecting the debt was by suit against him. The record of the suit that was brought most frequently refers to him as executor, but at times as executor and administrator, and the Supreme Court says that as matter of law the suit was directed against him in the latter as well as the former capacity. The judgment must be taken to have bound the community estate. *Carter* v. *Conner,* 60 Texas, 52. *Landreaux* v. *Louque,* 43 La. Ann. 234. Other matters would have to be discussed before we could reverse the judgment below, but we see no ground for doubting that it should be affirmed.

*Judgment affirmed.*