### ROBERSON et al. v. HUGHES et al.
### (No. 238–3426.)

(Commission of Appeals of Texas, Section B. June 1, 1921.)

1. **Appeal and error ☞672, 719(1)—Jurisdiction of Court of Civil Appeals limited to errors assigned and error of law apparent on face of record.**

The jurisdiction of the Court of Civil Appeals is limited to the review of error assigned in the manner prescribed by law and error of law apparent on the face of the record.

2. **Appeal and error ☞672—Holding of court based upon finding of fact not error of law apparent on face of record.**

In an action to recover two tracts of land, brought by the children and heirs at law of the first wife of plaintiffs' father against his children and heirs of deceased children by two subsequent marriages, where plaintiffs made no claim to one of the tracts, other than that it was the separate property of their mother by virtue of its having been purchased with her separate estate, the holding of the trial court that the tract was the property of the

children of the second and third marriages, under a finding of fact that it was paid for with funds of those communities, was not error of law apparent on the face of the record, such as the appellate court would have jurisdiction of without its having been assigned.

3. **Appeal and error ☞172(1)—Claim as to time of acquisition of property asserted to be community cannot be made for first time on appeal.**

In an action by the children of the first wife of deceased to recover two tracts of land from his children by his second and third wives, the finding of the trial court that title vested in the latter will not be disturbed, where the claim that the land was purchased during the first marriage and plaintiffs inherited their mother's interest therein was raised for the first time on appeal, as the community property of husband and wife is subject to the payment of the debts contracted by either of them during the marriage, and evidence might have been presented by defendants requiring a vesting of plaintiff's interest in a manner not inconsistent with the judgment of the trial court.

4. **Appeal and error ☞994(3)—Evidence to discredit testimony not considered on appeal, where any evidence of sufficient probative force to support court's finding.**

In an action by the children of deceased's first wife against his children by his second and third wives to recover certain land, evidence tending to discredit the testimony of defendants' witness as to the identity and payment of certain notes executed by deceased and witnessed by himself during deceased's second marriage will not be considered on appeal, if there was any evidence of sufficient probative force to support the trial court's finding that the land was paid for with funds of the second and third communities.

5. **Evidence ☞383(7)—Evidence held sufficient to support finding tract of land purchased on credit, despite recital in deed of cash consideration.**

In an action to recover a tract of land by the children of deceased by his first wife against his children by his second and third wives, testimony of defendants' witness as to the identity and payment of certain notes executed by deceased during his second marriage *held* sufficient to support the court's finding that the tract was bought entirely on credit and paid for with funds of the second and third communities, despite recitals in the deed that a cash consideration of $300 was paid at the time of its execution during the first marriage.

6. **Evidence ☞236(2)—Notes executed by deceased husband after death of first wife admissible as admission of community debt.**

In an action to recover certain land, brought by the children of deceased by his first wife against his children by his second and third wives, certain notes executed by deceased after the death of the first wife were properly admitted, being competent as an admission by the husband of a community debt in a proceeding seeking to charge community property with that debt.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Mrs. Annie Hughes and others against Mrs. Mattie Roberson and others. Judgment for defendants. From a judgment of the Court of Civil Appeals (214 S. W. 946), overruling all assignments of error brought by plaintiffs, but reversing the judgment for defendants on a ground not assigned, defendants appeal. Reversed, and judgment of district court affirmed.

·Nat W. Brooks and Fitzgerald & Ramey, all of Tyler, for appellants.

Johnston & Hughes, of Waco, and Wm. H. Hanson, of Tyler, for appellees.

McCLENDON, P. J. The controlling question in the application is whether the Court of Civil Appeals had the power to reverse the judgment of the trial court for error not assigned. The following statement of the case will sufficiently make clear that issue:

The action, which was to recover two tracts of land, referred to as tracts 1 and 2, was brought by Mrs. Annie Hughes and Mrs. Mollie Pye, the only children and heirs at law of Mrs. Emma L. Moore, who was the first wife of plaintiffs' father, J. W. Moore, against the children and heirs of deceased children of J. W. Moore by two subsequent marriages. Plaintiffs sought by their suit to have the land adjudged the separate property of their mother, upon the allegations that tract No. 1 was paid for entirely with her separate property, and that tract No. 2 was purchased with the proceeds of the sale of a small portion of tract No. 1, as originally acquired by their father. They prayed that the entire title to both tracts be decreed to them as heirs of their mother. Three-of the defendants, holding the interest of one child by each of the second and third marriages, filed separate answers, in which, besides a general denial, they alleged that tract No. 1 was purchased with community funds of·all three communities. The remaining defendants, besides a general denial, pleaded specially that tract No. 1 was wholly paid for with funds of the last community.

The facts, which were undisputed, except as to the manner in which the land in controversy was paid for, were:

J. W. Moore was married three times: First, in 1856 to Emma L. Vann, who died in ,1867; second, in 1867 to Augusta Vann, who died in 1875; and third, in 1877 to Elizabeth Stovall, who died in 1918. J. W. Moore died in 1910. Excepting those who died in infancy, there were eight children born of these marriages—two (plaintiffs) of the first, and three each of the second and third. Tract No. 1, originally containing 132 acres, was conveyed by J. J. Flinn to J. W. Moore by deed dated September 14, 1867, acknowledged in 1895, and reciting a consideration of $300 paid. On January 11, 1873, J. W. Moore and wife, Augusta, conveyed 12.8 acres of tract No. 1 for the recited consideration of $120 paid. Tract No. 2 was conveyed to J. W. Moore on March 24, 1874, for the recited consideration of $30 paid.

The only testimony tending to establish plaintiffs' allegation that tract No. 1 was purchased with property of their mother was given by plaintiffs themselves and was stricken out on motion of defendants. Alleged error predicated upon that action of the trial court has been eliminated, since no complaint is made in the Supreme Court of the action of the Court of Civil Appeals in overruling assignments of error relating to that ruling. The trial court found as a fact that tract No. 1 was paid for equally with community funds of the second and third marriages, and upon that finding concluded, as a matter of law, that the title to that tract was vested equally in those communities. Judgment was rendered accordingly; one-sixteenth interest in each tract being awarded to each of the plaintiffs as heirs of their father, and the remaining interest in each tract being decreed in defendants. The evidence upon which this finding of fact was based will be.given below.

Plaintiffs alone appealed from that judgment, urging 24 assignments of error, 22 of which complained of the· exclusion or admission of evidence, and the other 2 complained of the findings of fact that no part of the consideration for tract No. 1 was paid with funds of the first community, and that that tract was paid for with funds of the second and third communities. Those two assignments are based upon the recitals in the deed to tract No. 1 that the consideration was $300 paid.

The Court of Civil Appeals overruled all assignments of error, but reversed the judgment and remanded the cause for further trial upon the holding that, under the finding of fact that tract No. 1 was acquired during the first marriage, title thereto vested, as a matter of law, in the first community, subject to the right in the other communities to be reimbursed for the funds used to discharge the purchase-money obligation. 214 S. W. 946. Writ of error was granted, because the error upon which the trial court's judgment was reversed was not assigned.

[1] From the foregoing statement it will be seen that none of the assignments question the correctness of the trial court's conclusion of law that the title to tract No. 1 vested in the second and third communities because it was paid for with funds of those communities. The Court of Civil Appeals is a court of review, and its jurisdiction to review rulings of the trial court is limited by statute. For the purposes of this case, that jurisdiction authorizes review of only two

classes of error: First, error assigned in the manner prescribed by law; and, second, error of law apparent upon the face of the record, which latter has been defined as "such error as is fundamental in character, or one determining a question upon which the very right of the case depends, or such an error as being readily seen lies at the base and foundation of the proceeding and necessarily affects the judgment" (Wilson v. Johnson, 94 Tex. 276, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85), and, again, as "such manifest error as when removed destroys the foundation of the judgment" (Oar v. Davis, 105 Tex. 484, 151 S. W. 794).

[2] The question presented resolves itself, therefore, into the further inquiry whether the error of the trial court in holding that tract No. 1 was the property of the second and third communities, under the finding of fact that it was paid for with funds of those communities, constituted fundamental error, or error of law apparent upon the face of the record. We think, under the holding of Oar v. Davis, above, that question must necessarily be determined in the negative. That suit was brought against the wife and her second husband, by her children by her first husband, to cancel a deed which the children had made to their stepfather, conveying lands which were the separate property of their father. The children sued for the entire title to the land as sole heirs of their father, upon the allegation that the land was by mistake included in a deed by which they conveyed other lands to their stepfather. The mother was made a party defendant, upon the allegation that she asserted homestead rights in the property. The trial court found that the land was the separate property of plaintiffs' father, and was included by mistake in the deed to the stepfather, and that the mother had abandoned her homestead rights in the property. Upon these findings of fact the trial court concluded as a matter of law that the children (plaintiffs) acquired by inheritance from their father the entire title to the property, and rendered judgment in their favor accordingly. The mother urged upon motion for rehearing in the Court of Civil Appeals, for the first time, that under the finding of the trial court that the property was the separate estate of her first husband she as a matter of law, under our statutes of descent and distribution, inherited a life estate in an undivided one-third interest therein, and that the trial court erred in not awarding her such interest.

It was contended that this error was fundamental, and should be considered by the appellate court, even though not assigned. The opinion of the Supreme Court is well considered, and reviews the previous adjudications of that court upon the much-discussed question of what constitutes fundamental error. The conclusion that the error thus raised was not fundamental is stated in the following quotation:

"If the error complained of is one of law, it neither lies at the base and foundation of plaintiffs' cause of action, nor is it such an error of law as is apparent upon the face of the record. To determine whether it be an error of law at all depends upon the issue of title made by the pleadings and the evidence adduced to sustain or deny the respective rights of the parties. In the absence of any claim on the part of Mrs. Oar in her pleadings, or in the presentation of her claim to any part of the land in controversy, other than that claimed through the deed to her husband and the right of the homestead, which claims were litigated, the court might well presume that, if she was entitled to a one-third life interest in the land, she had waived such claim. Whether this view be sound or not, there is no phase of the law under which we can treat the supposed error of law as one of a fundamental character. As suggested by Judge Talbot, if a claim had been made by Mrs. Oar to the land by virtue of inheritance, plaintiffs might have shown by reason of some conveyance or other arrangement she had parted with such interest. We therefore think the Court of Civil Appeals was right under the circumstances in refusing to consider the assignment of error."

[3] The analogy in principle between that case and the case before us is so complete as to require little discussion. Plaintiffs made no claim in their pleadings to tract No. 1, other than that it was the separate property of their mother, by virtue of having been purchased with her separate estate. So far as the record shows, the only controverted issues of fact were those which bore upon the time and manner of payment of the consideration. Conceding that the legal title to tract No. 1 vested in the first community, still—

"Nothing is clearer in our law, as declared both by statute and by repeated decisions of this court, than that the community property of the husband and wife is subject to the payment of the debts contracted by either of them during the marriage, * * * and that the heirs of the wife, on her death, are entitled, not to one-half of the community property as it may then exist, but to one-half of what may remain, after the discharge of the debts to which such property is liable. Articles 4627, 3592, Rev. Stats.; Jones v. Jones, 15 Tex. 147; Carter v. Conner, 60 Tex. 60." Stone v. Jackson, 109 Tex. 387, 210 S. W. 953.

The powers of the community survivor to deal with community property are very broad. Among those powers is that of discharging community debts, and appropriating community property in reimbursement. It will readily be seen, therefore, that had the issue been made that the title vested in the first community, and that plaintiffs inherited their mother's interest therein, evi-

dence might have been presented which would have required a vesting of that interest in a manner not inconsistent with the judgment of the trial court. The question presented is, we think, clearly ruled by the decision in Oar v. Davis.

[4, 5] Defendants in error, plaintiffs below, present in the form of counter propositions two cross-assignments of error, complaining of the action of the Court of Civil Appeals in the following particulars:

First, it is urged that the trial court erred in permitting in evidence two notes purporting to have been given by J. W. Moore in 1872 and 1874 in payment of tract No. 1; and, second, that the evidence was not sufficient as a matter of law to overcome the presumption that consideration for that tract was paid when the deed was executed, in view of the recital in the deed of a consideration of "$300 paid." These cross-assignments call for a statement of the evidence upon which was based the trial court's finding that tract No. 1 was paid for with funds of the second and third communities. They are so nearly related that we will consider them together.

One of the defendants testified that, after the death of J. W. Moore, she and her mother, the third wife, found among J. W. Moore's papers the original deed to tract No. 1, and with it the two notes mentioned above. The 1872 note reads as follows:

"By the 24th day of December next I promise to pay to J. J. Flynn, or bearer, the sum of two hundred ninety-six and $15/100$ dollars, in gold, with ten per cent. interest from date until paid, for land sold and deeded to me by him on the Lafata league, Smith county, Texas, on the 14th day of September, 1867, it being for value received.

"1872.

"Witness: A. G. Tommie. [No signature; the note being torn where signature should appear.]"

A. G. Tommie, the subscribing witness to the 1872 note, testified in substance that he was well acquainted with J. W. Moore, having known him in Troupe county, Ga., before Moore moved to Texas in 1866; that he knew Flynn well, and worked for him 4 years; that upon the occasion of the execution of the 1872 note, which witness identified as having been executed by Moore and witnessed by himself, Flynn had sent him to Moore to make a trade for a wagon and yoke of oxen as a credit on a note that Moore had originally given for tract No. 1. The trade was made, and the agreed amount, which figured a little more than the interest on the original note, was credited thereon, and the 1872 note executed by Moore for

231 S.W.—47

the balance. His testimony is based upon personal knowledge gained at the time the 1872 note was made; he having seen the original note given for tract No. 1, which, when the 1872 note was made, was almost "out of date." He further testified to a custom in those times of receipting a paid note by tearing off the signature of the maker. The 1874 note was dated January 1 of that year, payable to order of J. J. Flynn, for $324.97, and recited the same consideration as the 1872 note. The signature to this note was also torn off. It bore indorsements of payment as follows: $7.25 in 1879, and "one hundred [torn] four and 52/100" in 1874.

[6] We need not notice the evidence which, it is urged, tends to discredit the testimony of the witness Tommie, since it is within our province only to determine whether there be any evidence of sufficient probative force to support the trial court's findings. That the foregoing testimony was sufficient to support that court's finding that tract No. 1 was bought entirely on credit, and was paid for in 1872 and subsequent years, seems to us too clear to admit of serious doubt or call for discussion. The only question regarding the testimony which we think deserves mention is the admissibility of the declaration in the 1872 and 1874 notes that they were given to pay for the land. These notes were executed by the husband after the death of the first wife, and the question arises as to the competency of the husband's admission or acknowledgment of a community debt in a proceeding seeking to charge community property with that debt. Under the broad principles laid down in Stone v. Jackson, above, and the authorities therein reviewed, we think these notes were properly admitted in evidence. The precise question was decided in Word v. Colley, 143 S. W. 257, in which a deed to community realty was upheld, which was made under deed of trust by the surviving husband to pay a community debt, the only evidence of which was the written declaration of the husband made after the death of his wife. Writ of error was refused in that case. In the present case the written declarations of the surviving husband are corroborated by the testimony of the witness Tommie to the effect that he saw the original purchase-money note at the time of the first renewal in 1872.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the District Court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.