ordinary effort and care and at a moderate expense, which expense may be charged against the wrongdoer; but he is only required to use reasonable care and prudence in doing so and in securing a physician for the treatment of such injuries. The proffered instruction was also properly refused because it is a general charge upon matters which should have been submitted by special issues.

The appellant's contention that Mrs. Dear was guilty of contributory negligence in throwing the third bucket of water for the purpose of extinguishing the burning fence post after she had been knocked down twice is without merit. As heretofore said, she did not know the cause of the fire, nor did she understand why she was thrown to the ground when she threw the water on the fire. There can be no contributory negligence in the absence of knowledge of the danger. Moreover, the evidence shows that she was excited and frightened, and was making a frantic effort to save her fences and especially her house from being destroyed by fire. She should not be charged with contributory negligence in throwing the third bucket of water or in any other act performed by her under such stressful circumstances. She was acting in an emergency and trying to save her property. 20 R. C. L. 133–136.

The alleged errors, if, indeed, they can be called errors, with reference to the testimony of the witness Bott who testified as an expert, are harmless in view of the disposition we make of the case.

No error is shown by the propositions based upon the misconduct of the jury in discussing the supposed fact that she would probably have to pay her attorneys' fees out of any amount which she might recover, since the record shows that this discussion took place after the verdict had been agreed upon, written, and signed.

We find no reversible error, and the judgment is affirmed.

MARTIN, J., disqualified, not sitting.

Atkinson, Atkinson & Gaugler, of Houston, for plaintiff in error.

B. C. Clark, Jno. E. Green, Jr., and John Broughton, all of Houston, for defendant in error.

ALEXANDER, Justice.

This action was brought in the district court of Harris county to recover the possession of a leasehold estate in 64 acres of land in Chambers county. At the conclusion of the evidence, the court gave an instructed verdict for the defendant. The plaintiffs sued out this writ of error.

The brief filed by the plaintiffs in error contains neither assignments of error nor propositions upon which the case should be reversed. We are therefore limited in our consideration to a determination of whether or not there is any fundamental error. 3 Tex. Jur. 812; Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; W. T. Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) 284 S. W. 921.

We have examined the record very carefully, and fail to find any fundamental error. The judgment of the trial court is therefore affirmed.

HOUSTON CHRONICLE PUB. CO. v. MARTIN.

No. 4040.

Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

BARTLETT et al. v. GULF PRODUCTION CO.

No. 1428.

Court of Civil Appeals of Texas. Waco. Nov. 2, 1933.

