## ELLA R. CARTER, et al., v. JOHN H. CONNER, et al.

SUPREME COURT, AUSTIN TERM, 1883.

*Community Debt—Judgment—Community Property—Parties.*—There is no difference between a suit upon a community debt, commenced during the lifetime of the wife, when judgment is not obtained till after her decease, and one when the suit and judgment both occur subsequently to her death. In the former case it cannot be claimed that at her death the heirs or her administrator should be made parties or the suit would abate, nor in an original suit, commenced after her death, are they necessary parties defendant.

*Same.*—A judgment rendered on a community debt against a surviving husband is binding upon the community property and to be enforced against it, and a levy, sale and sheriff's deed made under such a judgment divests the husband and heirs of all interest in the property.

Appeal from Travis County.

*Hancock, West & North and Dudley G. Wooten,* for appellants.

*Cullen & Jones and Trigg,* for appellees.

Opinion by Willie, C. J.

The important question in this case arises upon the refusal of the court below to give the special instruction asked by the counsel of appellants.

That instruction was as follows: "If you believe from the evidence that the Loeb judgment was rendered on a community debt of Conner and his deceased wife, Salina, that is, a debt contracted by Conner before her death, then the levy, sale and sheriff's deed made

under said judgment divested the plaintiffs of all interest in the property described in the petition."

The suit in which the Loeb judgment was obtained was not commenced until eleven months after the death of Mrs. Conner, and it was in the ordinary form of a suit on a promissory note; it was not charged in the pleadings that it was upon a community debt, and the judgment against Conner was in its form the same as if he had been sued in his individual capacity.

An ordinary execution issued upon this judgment, which was levied upon the property claimed by the intervenor, and after advertisement, she purchased it at sheriff's sale and received a deed which purported to convey the right, title, claim and interest of J. H. Conner in the property sold.

If these proceedings divested the children of Mrs. Salina Conner of all the community right in the property which their mother held at the time of her death, then the charge should have been given; otherwise it was properly refused.

That the survivor of the marriage may sell, convey, mortgage or otherwise voluntarily dispose of community property for the purpose of satisfying community debts is well established by the decisions of our State, and is not controverted by the appellees in this case.

But it is contested by them that an involuntary sale of such property, under an execution issuing upon a judgment obtained in a suit upon a community debt, commenced subsequent to the death of the wife, in which the children of the deceased wife were not made parties, does not divest the children of such community right. And this more especially where the claim upon which the suit is brought is not charged in the pleadings to be a community debt, and the sale was of the right, title, interest and claim of the defendant in the suit, the survivor in community.

Our court in determining to what extent the survivor in community may make use of its assets to discharge the community debts, as also the right of creditors to enforce payment of their demands out of such assets, have assimilated the marital relation in many respects to that of an ordinary partnership.

After the dissolution of a partnership by the death of one of the members, (if there be two members only) the survivor winds up its business, collects its demands and pays off its debts; and for the

latter purpose may make use of its means, sell, convey, mortgage or otherwise dispose of them.

A creditor of the partnership need not, in enforcing by suit a firm debt, make anyone a party to the suit except the surviving partner. A judgment against him as such carries with it the right to an execution against the partnership property, as effectually as would a judgment against the firm before its dissolution by the death of one of its members.

The survivor of the conjugal partnership has all the powers of the surviving member of a commercial firm, by our decisions, and is bound by all his obligations.

In dissolution of a commercial partnership the survivor keeps possession of everything. He has the legal right to the partnership effects. He is a trustee for all concerned in the partnership, the heirs of the deceased, the creditors of the firm and himself.

Case v. Abeel, 1 Paige 398; Parsons on Partnership, 441.

Suits at law must be brought against the surviving partner alone; and suits to collect debts due to the firm must be brought by him without joining the personal representatives of the deceased partner.

Story on Partnership, 447.

In equity such joinders are not prohibited. In suits by and against the marital partnership the same rules thus far obtain, but there are some differences in the mode of pursuing remedies both for and against the partnership which have their origin in the differences that exist between the two classes of partnership, and which seem now to be pretty well recognized by our courts.

The business of the marital partnership is always conducted by the husband; all its affairs are transacted in his name. With occasional exceptions he makes its contracts, incurs its debts, signs its notes to others, and the notes made due to it are made payable to him, and whatever is done in the way of acquiring or disposing of property is generally done in his name alone.

Upon the death of the wife, as in case of the death of a commercial partner, the community estate becomes the property of the survivor and of the children of the deceased wife, subject to such title as rests in a surviving partner for the purposes of winding up the business of the concern.

In conveyances to or by the firm during the existence of a commercial partnership, the firm name is used, or the names of all the

partners; in like transactions after dissolution, the act of the survivor should show that it was intended to benefit or bind the firm.

Conveyances, during the existence of the conjugal association, by the firm, are made by the husband alone and in his name, and those made to the firm are usually, though not universally, to him individually. Whatever he does after the death of his wife in the way of conveying property in payment of debts, or receiving it to satisfy those due the community, is done in his own name, and they are as effectually binding upon her heirs as if they were joined in the conveyances.

So in case of suits by or against partnerships, the same rule obtains. In commercial partnerships all the members must be joined; in conjugal the husband only may sue and be sued. After dissolution the surviving partner sues or is sued as such, and it must be shown that the debt is a partnership debt or claim so as to determine out of what property the judgment shall be satisfied.

In this no more is required than during the existence of the partnership. And so after the death of the wife, the suit as during her life is against him alone, and the allegations are the same as if the suit had been brought before her death.

The wife was not entitled to have notice of the action; her heirs can claim no such privilege when their interests succeed to her's. The suit and the judgment in accordance with it are against him alone after the death of his wife, as it was before.

There is no difference between a suit upon a community debt, commenced during the lifetime of the wife, when judgment is not obtained till after her decease, and one when the suit and judgment both occur subsequently to her death.

No one has ever claimed that in the former case at her death, the heirs or administrator of the wife should be made parties or the suit would abate. If this is not necessary no reason can be urged why in an original suit commenced after her death they are necessary parties defendant.

These views lead us to the inevitable conclusion that a judgment obtained against the surviving husband is binding upon the community property, and to be enforced against it.

Our law knows of but one way of enforcing a judgment upon an ordinary debt against a living party and that is by execution. The ministerial act of issuing it performed by the clerk, must follow the

direction of the statute, and the suit must go against the property of the defendant in the judgment.

If it is not required that the judgment shall fix the kind of property out of which it is to be satisfied, the execution cannot specify it, but it must be levied of such property as could be made liable to the payment of such a judgment, or a judgment rendered upon such a demand. Although the judgment is against the husband alone, it is for a community debt, and as in the lifetime of the wife an execution upon it would have been leviable upon the community property, so after her death the same kind of levy would be proper.

As in her lifetime, so after her death, the execution would command the sheriff to levy on the property of the husband, and the levy, sale and deed to the purchaser would show that all these possessed only the right, interest, title and claim of the husband, yet after her death, as well as before, it carried the community interest of both the husband and the wife.

The right, title, interest and claim which the husband has in the property, in the lifetime of his wife, so far as the payment of debts is concerned, is no more than it is after her death. He owns the half and can manage and dispose of all in either case for such purposes.

We have seen that even in commercial partnerships the survivor has a legal right to the whole assets which may be sold in payment of partnership debts; the legal right of the husband is fully as strong, and in selling it all the partnership or community title passes to the purchaser.

Although a case precisely like the one in hand has never been authoritatively passed upon by this court, some which bear a strong analogy to it have been decided, and the reasoning of the Court in such cases will most certainly lead to the conclusions we have already announced.

The case of Jones vs. Jones, 15. Tex. 143, treats the connubial partnership as resembling that of a commercial one in almost every respect except that in a suit against the surviving husband the judgment against him in his own name is just as effectual as if it had been rendered against him as surviving partner. That whilst the heirs of the deceased wife might have been made parties, their joinder was not necessary.

That case is precisely like the present down to the rendition of

the judgment and the issuance of execution. Yet the court held it a good judgment to be satisfied out of the community effects. If so, it was to be satified in the manner pointed out by law i. e. by execution, or in case of death by proceedings in the probate court against the administrator of the deceased husband. Before the execution could be satisfied the husband died, and the judgment went into the probate court for satisfaction, and this court held that then it could be enforced against the community property.

If the theory of the appellees is correct, that the representatives of the wife should have been joined in the suit, or no judgment binding on the community could be had, then the decision of Jones vs. Jones is wrong, and the judgment being void as to the wife's heirs, could not have been enforced in the probate court, as decided in that case. On the contrary, if Ch. J. Hemphill was correct in the above cited case, the judgment was enforcible against the community estate in any manner known to the law provided in such cases.

The only ground left appellees then is that the levy and sale was of Conner's interest in the property. We have shown that this included the entire interest till the debts were paid. So in the case cited. the judgment was against Jones alone. It was presented to his administrator as a claim against him alone. It was rejected and established as such, and if a sale of the land had been allowed to satisfy it, this would have been of all the right, title and interest of Jones' estate in the land.

The doctrine that a conveyance of the personal interest of the husband in the community property after the death of his wife, carries the title both of himself and the wife's heirs, when there exists an encumbrance upon the property which is removed by the conveyance, is well established in this court. Stramler vs. Coe, 15. Texas, 211.

If the voluntary conveyance of his individual interest under such circumstances conveys the entire community right, there is no reason why the involuntary conveyance should not have the same effect to remove a judgment lien.

In Claiborne vs. Tanner, 18 Texas, 68, this Court sanctioned a charge of the district judge which in effect held that a levy and sale of the husband's interest in community property, made under a judgment against him alone after the death of the wife, the cause of action being a community debt, conveyed the interest both of the

husband and the heirs of the wife, and so decided. The same doctrine is sustained in Primm vs. Barton, 18. Texas, 206. Higgins vs. Johnson, 20 Tex. 389, Soye vs. McAllister, 18 Tex. 80, Soye vs Maverick, *Ib.* 100.

It is useless to cite further authorities to sustain our views on this question, but the following, if examined, will be found to be in perfect accord with many of these views, and to sustain them in a greater or less degree, viz: Brewer v. Wall, 23 Tex. 585; Allison v. Shilling, 27 Tex. 454, Tucker vs. Brackett, 28 Tex. 336. Burleson vs. Burleson, Ib. 418, Good vs. Combs, Ib. 50, Adriance vs. Brooks, 13 Texas, 279; Lumpkin v. Murrell, 46 Texas, 51; Dawson v. Holt, 44 Texas, 174; Woodly v. Adams, 55 Texas, 530, 531.

In the last cited case this court strongly asserts the doctrine of this opinion in reference to suits and judgments against the survivor in community, applying it to a case where the wife occupied that position, and say that judgments rendered for or against such survivor would be as binding upon those claiming through the deceased member as though such heirs were parties to the record.

The act of 1856 in reference to the administration of the community estate by the survivor (Pas. Dig., Art. 46–48 *et seq.*) and all subsequent acts on the subject, were enabling acts, intended to enlarge the powers of the survivor, and to give him or her the same control over the community after the death of one connubial partner as before. So far as control for the purpose of payment of community debts is concerned, the act was unnecessary, and has not interfered with the right already possessed by the survivor for that purpose. Nor is any argument against the positions assumed by us to be drawn from the provisions of the marital laws, that upon the dissolution of the marriage by death the interest of the deceased descends to her children. It descends like all other estates, subject to the payment of debts; like a partnership estate, subject to the right of the surviving member to hold and use it for the satisfaction of firm demands. What the heirs of the deceased spouse receive is the remainder of the interest of such spouse after all the community debts have been paid.

We conclude that by the sale under the Loeb judgment all the community interest both of John H. & Salina Conner pass to the intervenor and she obtained full title to it; and the court should have given the special instruction asked by appellant's counsel.

As this decision would upon the same state of facts inevitably produce a verdict and judgment against the appellees, the other points raised can be of little or no practical importance upon another trial and we give no opinion upon them. For the error above stated the judgment is reversed and the cause remanded.

Justice West not sitting in this cause.