· J. J. HILL v. B. J. OSBORNE ET AL.

(Case No. 966.)

1. COMMUNITY DEBTS.— Upon the death of the wife the common property is held by the husband for the payment of community debts, and the deceased wife's portion descends to her children subject to the right of the husband to use it in payment of such debts, and of creditors to enforce against it their community demands.

2. ACTION — COMMUNITY DEBTS.— In a suit by one claiming land under two sales, one under a trust deed and the other an execution or judgment, both alleged to be for community debts, the heirs of the deceased wife of the defendant debtor intervened, alleging it to be community property, and claiming an interest of one-half in the property. The plaintiff asked that in the event his purchases at trust sale and execution were not valid, the property might be subjected to the satisfaction of the judgment debts he held against the community estate, and he alleged insolvency of the defendant and of the community estate. *Held*, that it was proper for the court to settle the rights and equities of all the parties growing out of the subject of litigation, and it should not have sustained a demurrer that deprived the creditor of a relief he was entitled to when seeking to enforce marital debts against the community property chargeable with their payment.

APPEAL from Kaufman. Tried below before Hon. J. E. Dillard, special judge.

*J. J. Hill*, for appellant.

No briefs on file for appellee.

Willie, Chief Justice.— The statement of facts found in the transcript appears to have been filed after the adjournment of the term of court at which the cause was tried, without any order of court allowing this to be done. Hence we can take no notice of the statement, and must determine the appeal without reference to it. Ross *v.* McGowen, 58 Tex., 603.

Of the errors assigned, we shall consider only the one which brings in review the ruling of the court below sustaining the intervenors' demurrer to the plaintiff's amended answer to their plea of intervention.

The attitude in which the parties stood before the court at the time this demurrer was sustained, so far as necessary to state them for the purposes of this opinion, was about this: Hill was claiming the lots in controversy from Osborne, under purchases made at two public sales; one under a deed of trust, and the other under an execution. His allegation was that the deed of trust had been given to secure a community debt of Osborne and his deceased wife, and the judgment on which the execution issued had been recovered on a similar demand. Osborne was defending against Hill principally on the ground that the deed of trust and judgment, and the sales under them, passed no title to the land; and the intervenors were claiming an interest of one-half in the property as children of defendant and his deceased wife, alleging it to be community property.

Plaintiff claimed to be owner not only of the judgment under which the execution sale took place, but owner or part owner of other judgments against Osborne, which were charges upon the lots in controversy. He asked that, in the event his purchases at trust and execution sale were not valid, the lots might be subjected to the satisfaction of the judgment debts he held against the community estate of Osborne and the mother of intervenors. He alleged, too, in further support of his prayer, that Osborne, the intervenors, and the community estate of Osborne and his deceased wife, were all insolvent.

The exception of the intervenors which we are considering was aimed at that portion of plaintiff's pleadings which sought to subject the lots to the payment of Hill's judgments. The language of the judgment sustaining the exception shows the ruling of the court to have been that, whilst the lots might be subjected to the

judgment under which they had been sold, they could not be made to satisfy the other judgments held by Hill against the community estate. Why the court held the lots subject to the payment of one judgment and not of the others does not appear from the record nor from the argument of counsel. It is probable, however, that it was for the reason that the judgment on which the execution issued was alleged to be a lien upon the lots, and there is no such allegation as to the others.

The judgment holding this lien might be entitled to a preference over the others, but should the lots sell for more than enough to pay off this lien, there is no reason why the balance should not be applied to the payment of other debts for which the property was chargeable. In other words, it would be proper in ordering the sale to decree that it be made on account of all these debts, and that the purchase money be applied, first, to the satisfaction of the judgment having the preference lien, and next to those which were charges against the property of an inferior nature. And if, upon trial, it should be shown that these last debts were proper charges against the premises in controversy, but that neither the supposed judgment lien nor any other claim existed against them by reason of such judgment or the debt for which it was rendered, the decree should provide for a sale of the lots to satisfy those claims alone which were valid charges against the property. By holding that the property could not be subjected to the payment of any of the judgments but one, the court deprived the plaintiff of the right to such a decree, and in effect decided that he could not in this suit obtain satisfaction of any debt he held against the community estate of Osborne and wife except such as might be secured by a judgment lien.

As the community estate, upon the death of one of the spouses, passes to the survivor charged with the community debts, and is liable to be sold by such survivor, or under execution to satisfy such debts, the court, in making this relief, must have acted upon the idea that a community creditor could not have his right to such sale determined and enforced in a suit like the present. Pasch. Dig., arts. 4646, 5611; Jones v. Jones, 15 Tex., 143; Brackett v. Devine, 25 Tex. Sup., 194; Tucker v. Brackett, 28 Tex., 336; Carter v. Connor, Austin term, 1883. Under these sections of our statutes, and the decisions upon them and other similar provisions, it is well established that, upon the death of the wife, the common property is held by the husband for the payment of such debts; and that the deceased wife's portion descends to her children, subject to the

right of the husband to use it in payment of such debts, and of creditors to enforce against it their community demands.

In the last cited case the marital relation was likened to a partnership, and it was said that upon the dissolution of the firm by the death of one of the members, "What the heirs of the deceased spouse receive is the remainder of the interest of such spouse after the community debts have been paid." See Story on Part., § 360.

Taking the plaintiff's allegations, therefore, as true, under the demurrer, these judgments were a charge upon the interests both of the intervenors and the defendant in the property sued for.

The intervenors were in the position of parties owning an interest in property, which interest is charged with the payment of debts, coming into court to assert full title and asking for possession of the same. Their claim was against the owner of the very debts with the payment of which the property was charged. Cannot the owner of these incumbrances in the same suit (the claimants not offering to redeem by paying off the debts) have his charge enforced and the property sold in satisfaction of his debts?

If he is not permitted to plead his judgments in this suit the intervenors recover the property, but it is in their hands still chargeable with these very debts, and they could be enforced against the lots by the plaintiff. He could obtain executions upon his judgments if they have been kept alive, or sue upon them as in case of ordinary debts, and finally collect them by a sale of *the very property* recovered by the intervenors. Carter *v.* Connor, *supra.* There can be no necessity for such a circuity and multiplicity of actions under our system, the theory of which is that all controversies growing out of the same subject matter must be settled in the same action.

The intervenors, as we have seen, occupy the same position as heirs of a deceased partner, and as such they are seeking in this case to recover their ancestor's interest in partnership property, before the firm debts are paid. They are seeking this relief both as against the surviving partner and a creditor of the partnership whose debts are brought to the notice of the court, and are a charge upon the very property sought to be recovered. It is the surviving partner's duty to see that these firm debts are satisfied before this property vests absolutely in the heirs. Failing to perform that duty, the creditor should certainly be allowed — all parties necessary for the particular case being before the court — to enforce his charge against the property and secure a partnership debt likely to be lost through the negligence of the survivor, or his collusion with the heirs of the deceased partner.

If the heirs of a deceased partner should go into equity against the survivor and pray that the affairs of the firm be wound up, and the defendant should make no defense, nor set up the outstanding liabilities of the firm, we believe that a creditor could intervene and have satisfaction of his debt ordered out of the firm assets before any portion of them could be decreed to the heirs. If so, why should not the creditor have such relief when already a party to a suit in which the heirs seek to recover their share of the partnership estate, notwithstanding the firm debts owned by the creditor have not been paid?

Again, he who goes into equity to recover property which is chargeable with a debt held by the defendant, alleging that such debt does not exist, is liable to have the defendant allege the existence and validity of the debt and have the charge enforced against the property.

In this cause Osborne denied the fact that Hill's debts were such as the property in dispute was liable for. The intervenors came in and sought to take advantage of that allegation, and recover the property from the party owning the debts. The creditor, Hill, reconvened, and averring the validity of the debts, and that they were a charge upon the lots in controversy, prayed that satisfaction of them might be decreed out of the property.

The fact that the defendant, the intervenors and the community estate were all insolvent strengthen the plaintiff's claim to the equity he sought in the cause. In case he failed to subject the lots to the payment of his judgments, and the intervenors should recover their half of them, the probability was that his debts would never be satisfied. When the court, by a proper decree pertinent to the subject matter of the cause, could prevent this injustice, and settle the rights and equities of all the parties growing out of the subject of litigation, it was its duty to make such decree. It should not have sustained a demurrer that deprived a creditor of a relief he was entitled to when seeking to enforce marital debts against the community property chargeable with their payment.

For the error of the court in sustaining the demurrer the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.

[Opinion delivered November 27, 1883.]

[Associate Justice WEST did not sit in this case.]