62 431
74 356
62 431
78 284

## C. W. Beeman v. Jester Bros.

### (Case No. 1771.)

1. EVIDENCE.— Incorrect entries in the books of the county treasurer's office, kept by a member of a banking firm, are not admissible to show that the books of the bank are inaccurate; and particularly will this be the case when each set of books is kept by a different person.
2. PRACTICE IN DISTRICT COURT — BILL OF EXCEPTIONS.— A party bringing up by bill of exception a ruling of the court below excluding evidence, must plainly show the nature of the evidence proposed to be introduced in order that its admissibility may be determined,
3. SAME.— See statement of the case for a bill of exceptions which did not comply with the rule.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

C. W. Beeman was a cattle-dealer in Navarro county in 1882. He had a regular bank account with Jester Bros, appellants, bankers, at Corsicana, during the year. His deposits consisted in drafts drawn by him on his commission merchants, Campbell, Lancaster & Co., of East St. Louis, Ill., collected through Jester Bros., or discounted by them.

C. W. Beeman, on the 28th of November, 1883, instituted suit against Jester Bros., complaining that on the 15th day of July,

1882, he deposited with defendants his draft on Campbell, Lancaster & Co. for collection for the sum of $1,700; that defendants collected the draft but failed to account to him for $908.50 of the proceeds of the draft. That his account was credited with only $791.50 of the amount of the draft.

Plaintiff further charged in his petition that he deposited a note with defendants for safe keeping, which they refused to return to him, or to account to him for the value of the same. The note was for $234.78, with interest at eight per cent. from the 31st January, 1880.

The defendants answered, denying generally, and specially that they purchased the draft on Campbell, Lancaster & Co. from plaintiff, and purchased also the note, and reconvened for damages for $5,000 for slander.

A trial was had on the 29th day of July, 1884, resulting in a verdict and judgment for the defendant.

The bill of exceptions commented on in the opinion was as follows: "Be it remembered, that on the trial of the above entitled cause, the defendants having first introduced their books of account and testified to the correctness thereof, the plaintiff offered to prove by Sam W. Hamilton and Sam Hamilton, Sr., that in their several accounts with the defendants, and about the same time that plaintiff claims an error in his account, a deficit occurred, and after long delay defendants admitted the same to be short, and since the progress of this trial proposed to restore the deficit, to which counsel for the defendant objected for the following reasons, viz.: That the accounts of the witnesses were in no wise connected with the complaint and the evidence is irrelevant."

The following was added by the court: " The above proposed evidence was ruled out by the court on the further ground that an individual instance of error, unless connected with the case, is not admissible to rebut evidence of general correctness of account books as kept by the bank, and the court having sustained the objections, the plaintiff excepted to said ruling and herewith tenders," etc.

*Frost, Barry & Lee*, for appellant.

*Simkins, Simkins & Neblett*, for appellees.

WILLIE, CHIEF JUSTICE.— The court did not err in excluding the books of the county treasurer offered in evidence to show that Jester Bros. did not keep their bank books correctly.

The books of the county treasurer were kept by L. L. Jester, and the books of Jester Bros. were kept by Terry Miller. The fact that L. L. Jester was an incorrect and unreliable accountant did not tend to prove that he had not in his employ a book-keeper perfectly competent in every respect. The evidence was therefore subject to the objections for which it was excluded.

As to whether or not there was error in not admitting the testimony of the two Hamiltons, we are unable to decide for want of a bill of exceptions that sets forth with sufficient certainty the facts to which they were expected to testify. The bill states that they were offered to prove that, in their several accounts with Jester Bros., about the same time plaintiff claimed an error in his account, a deficit occurred, and after long delay Jester Bros. admitted the same to be short, and, since the progress of the trial, proposed to restore the deficit. We are not informed of the nature or amount of the deficit, or anything about it. It may have been unimportant from the smallness of the amount, or it may have arisen from the miscalculation of interest or a mistake in adding up the column of the account, or from other like causes which would not tend in the least to show that the books of Jester Bros. were not honestly kept. We are left altogether to conjecture what kind of an error was found in the accounts of the witnesses.

A party bringing up for revision a ruling of the court below excluding evidence must lay clearly before us in a bill of exceptions the nature of the evidence he proposed to introduce. It must be plainly shown that it does not consist of facts which were irrelevant or unimportant, and not leave us to presume that they were otherwise by putting upon the evidence a construction that would render its exclusion error, when a construction might be placed upon it that would justify the ruling of the court.

We think the bill of exceptions does not conform to this rule, and we cannot well resort to presumptions in order to reverse the action of the district judge when it is right if a construction of which the evidence is susceptible is applied to it. The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 19, 1884.]