## JOHN HERRING v. A. B. MASON ET AL.

Decided December 22, 1897.

**1. Venue.**

Plaintiff having sued in C. County, in trespass to try title for the recovery of land there situate, that court had jurisdiction to pass upon all defenses to such suit, though involving title to land in another county exchanged by defendant for that in controversy and damages for fraud of plaintiff in the contract of exchange.

**2. Defense to Action—Multifariousness.**

It is the policy of the law to settle in one suit all matters in dispute growing out of the same transaction. See defenses pleaded, in trespass to try title, involving title to other land given in exchange and damages for fraud in the transaction, held not bad for multifariousness.

**3. Trespass to Try Title—Damages—Alternative Pleading.**

Defendant in trespass to try title could by plea claim recovery back of lands given in exchange for those sued for in case the deed for the latter was found not to have been delivered, and, in the alternative, in case such delivery was found to have been made, could plead and recover damages for fraud in the exchange.

**4. Damages—Immaterial Error.**

Erroneous rulings on demurrer as to damages for which no recovery was had, become immaterial.

**5. Damages—Pleading—Particularity Required.**

See pleading for damages for fraud in the sale of land, held sufficiently itemized.

**6. Demurrer—Amendment—Adjudication.**

Where a special demurrer sustained as to damages alleged was met by a supplemental answer to cure the defects, and the demurrer was not again urged to such

amended pleading. there was no adjudication on its sufficiency, and evidence was properly admitted thereunder.

**7. Fraud—Parol Evidence.**

Parol evidence is admissible to prove fraud by false representations in the sale of land. It is not necessary to such recovery that the basis of it should be in writing.

**8. Deed—Delivery.**

Delivery of a deed to a third party to be deposited with the clerk for record and obtained from him by the vendee, was delivery to the vendee, though such third party failed to so deliver it to the clerk.

**9. Same—Exchange of Land—Incumbrance—Offset.**

A vendor reserved a lien upon land conveyed by him to secure the amount of an incumbrance on land given by the vendee in exchange, and which such vendee assumed to pay. The deed having been delivered to the vendee, the vendor could not recover back the land, either by reason of the vendee's failure to discharge such incumbrance or to furnish an abstract of title as agreed, and the latter could offset against the vendor's claim for such incumbrance damages for fraudulent representations made by his vendor in the sale.

**10. Same—Adjustment of Equities.**

The court could, in such case, adjust all the equities in one suit, release the vendor's lien, and quiet the parties in the possession and title of their respective lands.

**11. Parol Evidence—Consideration of Deed.**

Where the consideration of a deed is not all expressed in writing, it may be shown by parol evidence.

**12. Evidence—Bill of Exceptions.**

A bill of exceptions upon the exclusion of evidence should show what the answers of the witness would have been.

**13. Damages—Immaterial Error.**

Erroneous admission of evidence of damages becomes immaterial where no damages are awarded for the items in question.

APPEAL from Comal. Tried below before Hon. EUGENE ARCHER.

*F. J. Maier*, for appellant.—1. The court erred in overruling the plaintiff's plea to the jurisdiction and his first exception to defendant's amended original answer, because said pleading seeks to recover land and damages thereto and to quiet the title thereto, which land consists of lot No. 11, in block No. 4, in San Antonio, Bexar County, over which the District Court of Comal County has no jurisdiction, and the jurisdiction of which is exclusively in the District Court of Bexar County. Rev. Stats., art. 1194, sec. 14; Webster's Dic., sub. "Must;" State v. Cattle Co., 66 Texas, 364; Shropshire v. Dunson, 32 Texas, 467; Masterson v. Ashcomb, 54 Texas, 327.

2. If a plaintiff brings an action of trespass to try title for land in one county, it is a misjoinder of causes of action and multifarious for the defendant in a cross-answer in the same suit to bring an action for the recovery from plaintiff of other lands in another county, and to ask the cancellation of deeds thereto. Dietrich v. Koch, 35 Wis., 618.

3. When plaintiff brings an action of trespass to try title for land, it is multifarious and a misjoinder of causes of action for defendant in a cross-answer to sue plaintiff for damages for failure to deliver cattle, horses, implements, rent for household furniture, wages for work, and labor, damages for the use of pasture on other lands, damages for with-

drawing from a profitable business, expense of moving, and damages on account of starvation, etc. Bliss Code Pl., secs. 386, 388, 389; Oliver v. Robertson, 41 Texas, 422; Deitrich v. Koch, 36 Wis., 618; Dove v. Hayden, 5 Ore., 500; Ins. Co. v. McKay, 21 N. Y., 191; Waddell v. Darling, 51 N. Y., 327; Marston v. Ward, 35 Texas, 798; Herrington v. Williams, 31 Texas, 461.

4. It is a misjoinder of parties when two of the parties in a suit litigate matters which in no way concern the other parties. Grant v. McCarty, 38 Iowa, 468; Marston v. Ward, 35 Texas, 798.

5. The court erred in overruling plaintiff's second, third, fifth, seventh, and eighth special exceptions to defendant's first amended answer, because said pleading is irrelevant, does not lay any claim to the land sued for, and does not show any reason why plaintiff should not recover the land sued for as explained in said exceptions. Bliss Code Pl., secs. 386, 389; Couch v. Parker, 1 White & W., C. C., sec. 438.

6. The court erred in overruling the plaintiff's sixth special exception, because defendant's amended answer shows on its face that the deed to the Comal property was never delivered to defendants Varney, and hence no title passed to them. Rev. Stats., art. 624; Steffian v. Bank, 69 Texas, 513; Riley v. Wilson, 86 Texas, 240; Puckett v. Williams, 32 S. W. Rep., 364; Carworks v. Improvement Co., 4 Texas Civ. App., 257.

7. The court erred in overruling the seventh exception, because the defendant's pleadings do not stipulate the items of damage, and no account or statement is filed stating distinctly the several items thereof. Pinson v. Kirsch, 46 Texas, 28; King v. Watson, 2 Willson, C. C., sec. 283; Crouch v. Parker, 1 White & W., C. C., sec. 437; Broussard v. Railway, 80 Texas, 331; Turner v. Strange, 56 Texas, 141; Gas. Co. v. Harber, 1 White & W., C. C., sec. 1125; Harker v. Boedeker, 1 White & W., C. C., sec. 1034; Railway v. Benitos, 59 Texas, 327; Calhoun v. Pace, 37 Texas, 455; Academy of Music v. Hackett, 2 Hilt., 217; Sherrick v. Wyland, 37 S. W. Rep., 345.

8. The court erred in overruling the seventh exception, because the defendant's pleadings do not stipulate the items of damage and no account or statement is filed stating distinctly the several items thereof. Rev. Stats., art. 1266.

9. If a special exception as to a certain item of damages was sustained, evidence as to said damages can not be admitted, and judgment as to said damages is without support and void.

10. When a sale is evidenced by a writing, properly executed, and the writing contains a warranty as to title, parol evidence as to further warranty as to quality, etc., is not admissible. Greenl. on Ev., sec. 275; Rice v. Forseyth, 41 Md., 389; Mullain v. Thomas, 43 Conn., 252; Shepherd v. Gilroy, 46 Iowa, 193; Rodgers v. Perrault, 41 Kan., 385; DeWitt v. Berry, 134 U. S., 312; Costello v. Eddy, 128 N. Y., 650; McQuaid v. Ross, 77 Wis., 470; Nichols v. Crandall, 77 Mich., 401; Calhoun v. Pace, 37 Texas, 455.

11.   When an agreement between contracting parties has been reduced to writing and properly signed by the parties, neither antecedent nor contemporaneous colloquium can be put in evidence to extend the contract or in any manner vary the terms as expressed in the writing.   1 Greenl. on Ev., secs. 275, 278; Benj. on Sales, 621; Smith v. Gerrett, 29 Texas, 52; Franklin v. Mooney, 2 Texas, 454; Kam v. Old, 2 Barn. and C., 627; Sanburn v. Murphy, 86 Texas, 437; Johnson v. Powers, 3 Pac. Rep., 625; Trammel v. Pilgrim, 20 Texas, 158; Carworks v. Improvement Co., 4 Texas Civ. App., 257; Van Ostrand v. Reed, 1 Wend., 424; Smith v. Williams, 1 Murph., 426; Shepherd v. Gilroy, 46 Iowa, 193; Silliman v. Tuttle, 45 Barb., 175; Filkins v. Wyland, 24 N. Y., 343; Rogers v. Perrault, 41 Kan., 365; Brown v. Russell, 4 N. E. Rep., 428; Fairbanks v. Meyers, 98 Ind., 92; Railway v. Derker, 3 N. E. Rep., 239; Frost v. Blanchard, 98 Mass., 155; Remick v. Sanford, 118 Mass., 102.

12.   The court erred in rendering judgment for defendants Varney for the Comal County property and not giving it to the plaintiff, because plaintiff showed a good title and defendants did not, and the evidence shows that the deed under which defendants Varney claim was never delivered to them, but was withheld.   Rev. Stats., art. 624; Dev. on Deeds, secs. 260-299; Steffian v. Bank, 69 Texas, 513; Riley v. Wilson, 86 Texas, 240; Puckett v. Williams, 32 S. W. Rep., 364; Carworks v. Improvement Co., 4 Texas Civ. App., 257.

13.   The court erred in giving the Varneys the Comal County property, because the deed to the Varneys was not an absolute deed, but showed upon its face that the vendor's lien was retained to secure the payment of $800, after which payment, and no sooner, the deed should become absolute.   Defendants, according to the written stipulation, were to pay off said indebtedness on or before January 1, 1896.   Foster v. Powers, 64 Texas, 247; Jackson v. Palmer, 52 Texas, 434; Ruff v. Lind, 75 Texas, 701; Dunlap v. Wright, 11 Texas, 600; Ransom v. Brown, 63 Texas, 189.

14.   The court erred in entering judgment quieting the title of the Varneys against plaintiff to the Comal County land, because this has the effect to cancel the plaintiff's vendor's lien.   This lien was retained by agreement between the parties and incorporated in their written deeds of conveyance, and in canceling this lien the court makes a new contract for the parties, instead of enforcing the contract they made themselves.

*Clark, Guinn & Guinn,* for appellees.—The court had acquired jurisdiction of the subject matter of this suit at the instance of plaintiff, and it was impossible to determine the rights of the parties to the transaction without an inquiry into the whole of it, and this necessarily involved the Bexar County land and the manner of acquiring same by plaintiff, and it was entirely legitimate to settle this matter in one suit.

The trial court left the title to the property in Bexar County in plaintiff without making any change thereto, and there is no ground for which plaintiff can complain.

Under our statute the Varneys, as landlords, were substituted in the place of Mason, and the situation then is the same as if they were in actual possession of the land, the original defendants, and they have a right to plead/their title, if they choose so to do, and set up the means of acquiring same, and especially if the property is acquired directly from plaintiff. Rev. Stats., art. 650; Hill v. Osborne, 60 Texas, 390; Pishaway v. Runnels, 71 Texas, 352; Blair v. Gay, 33 Texas, 165.

The consideration in a deed may be inquired into in any case, and the consideration expressed in the deeds in question is not the true consideration in this case. Meade v. Randolph, 8 Texas, 192.

Where a party has obtained a legal title in himself to land upon promise or consideration that he would pay for it by conveying a certain piece of property or land, having thereon a permanent spring or well of water that had never failed, such contract, if executory, reposed in such party a trust, and the terms of the contract will be inquired into and enforced by a court of equity. Bish. on Cont., secs. 349-353; Towery v. Henderson, 60 Texas, 291; Tuttle v. Turner, 28 Texas, 759; McLaughlin v. McManigle, 63 Texas, 556; Hubbard v. Cox, 76 Texas, 242.

The court found that by reason of the fraud and bad faith and trickery of plaintiff that defendant had suffered damage to a greater extent than the $800, and that this should be canceled; also found that appellant first broke the contract, and that defendant was virtually under no obligations to pay the $800. This being true, the contract was dead, and as plaintiff had defendant's land and proposed to hold same, that it would adjust the equities, and it was perfectly competent for the court, upon a full hearing, to adjust all controversies growing out of the same transaction, and settle them in one suit, upon the familiar principle that all matters that are included in one suit, or may be incidental thereto, are presumed to have been so adjudicated. Rev. Stats., art. 650; 1 White & W., C. C., 1225; Hill v. Osborne, 60 Texas, 393; Pishaway v. Runnels, 71 Texas, 352; 2 Willson's C. C., sec. 238; 3 Willson's C. C., sec. 360; Teal v. Terrell, 48 Texas, 507.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by John Herring against A. B. Mason, May 9, 1896, in form of trespass to try title for eighty acres of land described in the petition.

May 20, 1896, A. B. Mason answered by plea of not guilty, and specially, that he in good faith rented the premises from Charles Varney, a resident citizen of Victoria County, on the 1st day of January, 1896, who is the legal and equitable owner, and who has been living on the premises for several years, under purchase from plaintiff, and who was put in possession by plaintiff; that he, defendant, has put the land in cultivation, and has a growing crop on the same, worth $500, and is entitled to recover over against Varney, in case he be dispossessed by plaintiff; that he contracted for the premises for the entire year 1896, and he asks that his landlord be made a party, and in case he is cast in the suit that he have judgment over against Varney for the value of the crop and for the further

sum of $200 for the use of the premises for the remainder of the unexpired term.

November 30, 1896, Charles Varney and his wife Mattie, amended their original answer, and aver that on the —— day of ————, 1894, plaintiff and these defendants entered into a contract of sale; that plaintiff was the owner, at the time, of the land sued for, "the Comal County property," together with several hundred acres adjoining, and a large lot of tools, plows, and farming implements, as well as a number of cows and work stock, and at the same time, defendants owned lot 11 in block 4 in Englewood addition to the city of San Antonio, "the San Antonio property;" also certain household furniture and carpets; that the respective owners agreed to exchange properties upon the following conditions: Defendants were to execute a deed to plaintiff to the San Antonio property, and allow plaintiff the use of the carpets and furniture of the value of $100, for which plaintiff was to convey by deed to them the Comal County property, and allow them the use for one year of the aforesaid tools, plows, and other implements, together with the milk cows, workstock, pasture for the same in his adjoining pasture, including other feed for the same, and it was also agreed by plaintiff, at the same time and before, that there was a well of never-failing water on the Comal County property which would thereafter furnish an abundant supply of good water for drinking, household, and stock purposes; that defendants relied upon such representations, and they became a part of the trade, and without which the trade would not have been made by defendants; that, as a further inducement for the exchange of property, plaintiff agreed and represented to defendants that they could have a permanent passage way through his said pasture, which representations were also relied on by them, and without which they would not have made the exchange, and which agreement was to be reduced to writing; that so induced, and for the considerations stated, they made a deed to plaintiff to their San Antonio property, who cunningly procured the delivery of the same to himself without at the same time delivering to defendants his deed to the Comal County property; that he executed the deed, but upon a false pretense withheld the same from defendants, but with the understanding that it should be delivered in a few days. That defendants, relying upon said agreements and representations, at great expense, in a short time after the trade, moved to the Comal County property and took possession of the same under the agreements stated, vacating the San Antonio property for plaintiff, who immediately took possession of the same and has continued to occupy it ever since, and also to use the furniture and carpets, the reasonable value of the use and occupancy of which is $250 per annum. That in two weeks after the trade defendants demanded of plaintiff his deed, but he refused to deliver it and has ever so refused, although frequently demanded by defendants.

It is further alleged, that he has violated every other condition of the contract, and within a month from the delivery of their deed to him, he took away from the Comal County property the work-stock, milk cows,

tools, and implements, and prohibited defendants the use of the pasture, and a right of way through the same; that the well went dry and so remained for several months at a time, and defendants had no other water, and no means of procuring the same, except at great expense, labor, and loss of time, reasonably worth $200; that each and all of the plaintiff's said representations were false, and he knew them to be so when he made them, but made them to overreach defendants, whereby they were misled and the consideration of their deed to him has failed, and plaintiff has thus fraudulently obtained their deed to the San Antonio property. They further allege that they were strangers to Herring, knew nothing of Comal County and its surroundings; were also ignorant of the character of plaintiff, and of the fact that the well had ever been dry before, and could not ascertain the facts by diligence; and that plaintiff knowingly misrepresented the facts and misled defendants into the trade; that with such a well the property was not worth one-half as much as with a well as represented by plaintiff to be on the property, to defendants' damage in this respect $1000; that by the failure to furnish the stock they were damaged $100, and by the failure to permit the use of the pasture they were damaged $100. That their property in San Antonio was a good home—their homestead—and, the consideration for the conveyance of the same having failed, it should be restored to them and their deed to the same canceled; and for the same reason, that they are entitled to rent for the same for the time it has been occupied by plaintiff; that the rental of the Comal County property is not only of no value, but an expense because of defects before alleged, and it was occupied by defendants at a loss. That they yielded the possession of their San Antonio property upon the promises and representations of plaintiff, and withdrew from a profitable business paying them a monthly income and wages to the amount of $75, and in exchange for this he undertook to run the Comal County farm, but by reason of the withdrawal of the stock, the drying up of the water, and the other deceptions of plaintiff, they have been unable to earn anything and are now almost reduced to starvation, to their damage $1000. They ask for the further damage of $100 for expense in moving from San Antonio to the Comal County property.

Prayer for all the damages alleged, for cancellation of their deed to the San Antonio property, for possession of the same, costs, etc.

On December 1, 1896, plaintiff filed first supplemental petition, claiming that, as he is a resident citizen of Bexar County, and as the lot claimed by the Varneys is situated in Bexar County, it is his privilege to have his title and right thereto litigated in Bexar County. This plea is sworn to by plaintiff's attorney.

Plaintiff Herring replied to the answer of the Varneys by a number of exceptions:

1. Because the court has no jurisdiction to cancel the deed to the San Antonio property, nor to restore the premises to defendants, the land being situated in Bexar County.

2. Because the averments relating to the San Antonio property and

the cancellation of the deed present no defense to the action, and constitute a misjoinder of causes of action.

3. Because the answer is no defense and shows no reason why defendants should retain the possession of the land sued for.

4. He pleads that the agreements set up for the exchange of property, real estate, right of way, and the failure of the well to supply water are not in writing and are within the statute of frauds, and are therefore of no effect.

5. Because the alleged agreements as to exchange of land, the deed to the San Antonio property, the carpets, furniture, tools, milk cows and pasture, right of way, and work-stock, are irrelevant, and show no reason why defendants should hold plaintiff's land.

6. Because the averments as to the failure of plaintiff to deliver to defendants a deed are insufficient, as a deed not delivered does not give defendants any title.

7. Because the averments claiming damages set up an improper cause of action and furnish no grounds for holding plaintiff's land, and because the items of damage are not stated or specified, nor is it shown how defendants were damaged.

8. He excepts to the answer of A. B. Mason, except the general denial and plea of not guilty, because irrelevant and showing no defense.

9. He further excepts to the answer of the Varneys, because it puts in issue matters which constitute no defense for the defendant Mason.

He further denies all the answers of defendants. He denies all the averments of fraud and breach of contract on the part of plaintiff, and alleges that the Varneys failed to perform their contract, in that they promised to furnish an abstract of their title to the San Antonio property, which was to show a perfect title in them, and his deed to the Comal County property was not to be delivered to them nor the title to pass to them until the abstract was furnished and pronounced good by plaintiff's attorney, F. J. Maier, but the deed was to be deposited with him as an escrow until such abstract was furnished, and was not to be delivered to them until they had furnished the same; that said abstract was never furnished, and defendants have never exhibited a good title to the San Antonio property; that they have not paid taxes since the alleged exchange of land, as they agreed to do, upon the property in Comal County, nor on that in San Antonio, and he had to pay the taxes thereon to prevent sale of the properties for taxes; that there was a vendor's lien note on the San Antonio property amounting to $800, bearing 8 per cent interest, which the Varneys agreed to pay off and discharge before January 1, 1896; and they have paid nothing on the note, and plaintiff was compelled to pay $300 of the principal of the note, and promised the holder thereof to assume the payment of the full amount of the note to prevent foreclosure of the lien and sale of the property; that the furniture mentioned was purchased by plaintiff of defendants; that plaintiff is now the owner of the San Antonio property, and holds the same by written deed, duly signed and acknowledged by defendants, Varneys, which is duly recorded

in Bexar County; that the conveyances and agreements as to pasturage, right of way, lease of pasture, and the conveyance of land are not in writing, and he pleads the statute of frauds. He further alleges that he bought of defendants the furniture and carpets; and that he is now and ever has been willing to deliver the deed to the defendants to the Comal County property when they comply with their contract to furnish abstract showing good title to the San Antonio property.

Defendants, Varneys, on December 3, 1896, filed supplemental answer to plaintiff's supplemental petition, demurring to the sufficiency of averment of excuse for not delivering them the deed to the Comal County property, also excepting to the averments of agreement to pay taxes and the failure to do so, because immaterial, and because it is not shown that they were under any obligation to pay the taxes. They except further, because it is not shown that they were under any obligation to pay the alleged $800, plaintiff having already breached the contract. They also deny all allegations of the supplemental petition.

They specially answer, that if they were bound to pay the $800, which is denied, the failure to pay the same was because Herring had possession of the property, refused to comply with his contract as set out in their first amended answer, and they were thereby released of any liability to plaintiff on any obligation or contract. They reiterate and enlarge former averment as to the well and water, and claim their damages formerly alleged; they claim that they are entitled to decree vesting in them title to the Comal County property, in case they do not procure cancellation of their deed to the San Antonio property; they also pray for damages as claimed. Defendants allege that the deed of plaintiff to them of the Comal County land was delivered to them.

Plaintiff filed a trial amendment to his supplemental petition, declaring that the promise to furnish the abstract was a part of the original agreement to exchange lands, and that defendants' promise to pay the $800 note was also a part of the original contract; that a vendor's lien was retained on the Comal County property to secure the payment of the note for $800 due on the San Antonio property.

On the 1st day of January, 1896, before defendants' supplemental answer was filed on December 3, 1896 the court, before trial on the merits, overruled plaintiff's plea to the jurisdiction of the court, and sustained exceptions to that part of the answer as to right of way over plaintiff's pasture and to that part of the answer claiming $1000 damages by reason of the failure of the water in the well. All other exceptions to the answer were overruled. After plaintiff's trial amendment was filed, all defendants' exceptions to his pleadings were overruled.

The cause was submitted to the court, a jury being waived, and on the 11th day of December, 1896, judgment was rendered that plaintiff take nothing by his suit for the eighty acres of land in Comal County, the court finding that there was a delivery of the deed to the Varneys to the Comal County land; that plaintiff was liable to the Varneys in the sum of $900 by reason of the failure of the well, $100 for failure to furnish

milk cows and work-horses, this damage to be offset by deducting $300 principal and $100 interest paid by plaintiff on the vendor's lien note on the San Antonio property, $24.95 taxes paid by Herring, and that there is a balance unpaid on the vendor's lien note on the San Antonio property, with 8 per cent interest per annum thereon from the 2d day of January, 1896, due and owing by the defendants, which, if paid by plaintiff, shall go as a credit on the judgment. Wherefore, it was adjudged that plaintiff take nothing by his suit and that defendants be quieted in their title to the Comal County eighty acres of land; that defendants have and recover of plaintiff $579.05, less a further credit of the said balance due on the vendor's lien note on the San Antonio property, which was adjudged to be at date of judgment $537.77, leaving a balance due the Varneys after the note is so paid of $21.28, with 6 per cent interest per annum from date, for which execution is awarded. It is further adjudged, that if the Varneys pay off the said balance of $537.77, then they shall recover of plaintiff such amount of $537.77, for which execution may issue after the time of such payment. It is further ordered that plaintiff take nothing against defendant Mason, and that defendants recover all costs, for which execution may issue. Plaintiff has appealed.

The trial judge filed conclusions of fact and law, and we find that the evidence sustains his findings of fact. They are as follows:

"1. I find that the defendants Varney and wife and the plaintiff, on or about the 30th of October, 1894, entered into an agreement for the exchange of land, by which the plaintiff was to exchange the Comal property in question, consisting of eighty acres of land with the improvements thereon, to the defendants, Varney and wife, for their San Antonio property, consisting of a house and lot in the city of San Antonio.

"2. I find that at the same time that the parties entered into said agreement with the representation of plaintiff that the said Comal property had thereon a well of good water that was permanent, and one that had never gone dry, and that the supply of same was abundant for household and stock purposes, and that said plaintiff agreed, as a part of the original exchange of property, that he would furnish work-stock and a number of milk cows to defendant, also a sufficiency of farming implements to work the farm on the said eighty acres, provided defendants Varney and wife would consummate the sale and give him a deed to the San Antonio property, with the understanding that the said Varneys were to pay an incumbrance of $800 on said San Antonio property, and that the Varneys were to let go with their house a lot of furniture and carpets to plaintiff, a list of which was made out and given to plaintiff.

"3. I further find that the defendants Varney and wife went into the agreement to exchange with the understanding that said representations mentioned in the second article of these findings were true, and that plaintiff would furnish the said stock and implements, including feed for the stock the first year, and but for these representations they would not have made the exchange of places or given up their San Antonio property, which I find to be valuable property.

"4. I further find that there was an agreement at the time that there should be separate papers signed up by the parties to embody the foregoing terms and conditions of exchange in two separate contracts or papers, and that such was the understanding of all the parties at the time the deeds were signed up to the different tracts of land; and that the said other writing, embodying the agreement relating to the stock, implements, furniture, and feed was not signed by reason of plaintiff's refusal to do so.

"5. I find further, that when plaintiff received and accepted the deed from defendants Varney and wife, the agreement and understanding was that F. J. Maier was to hand the deed to the Comal County property to the clerk of said county court, and that Maier received it for defendants Varney and wife, and that this was in fact and law a delivery of the deed to them.

"6. I further find that the retaining of the deed from defendants Varney and wife, and the conduct of plaintiff in this regard, as well as in regard to refusal to carry out the terms of his agreement in regard to the stock and implements, as well as his acts with regard to the holding and having recorded the deed to the San Antonio property, was fraudulent.

"7. I further find that the representations of plaintiff in regard to the well were untrue and that he knew they were untrue, and that to deceive defendants in regard thereto, which was a matter that was such that they would not reasonably have known the defect, and that same was of such a character as to render the eighty acres not worth near as much as if it had been as good or nearly as good as plaintiff had deceitfully led defendant to believe it was.

"8. I find that plaintiff violated his contract first, and that he made false representations to bring about the trade.

"9. I find that defendants surrendered the San Antonio property to plaintiff and the deed to same, and took possession of the Comal tract of land in good faith, and that plaintiff's actions in every way led them to believe it a complete trade.

"10. I further find that plaintiff went into possession of the San Antonio property and received all the furniture that he contracted for from defendants.

"11. I further find that defendants were greatly damaged in the loss of value of the said eighty acres of land by reason of the well thereon not being permanent or valuable, and that the value of the use of the stock was lost to plaintiff.

"12. I further find that there was a vendor's lien note of $800 due on the San Antonio property by defendants Varney and wife, due January 1, 1896, which, according to the terms of the agreement of exchange of property, was to be paid by the defendants Varney and wife. That the same has not been paid, but that plaintiff, to save said San Antonio property from foreclosure under said lien, has paid $300 on the principal and $100 interest on said note. Also he has paid $24.95 taxes on said San Antonio property chargeable to defendants.

"Conclusions of Law.—1. I conclude that the plaintiff is not entitled to recover the land sued for, but that the defendants Varney and wife should be quieted in their title to the same.

"2. That by reason of the terms of the original agreement, and the false representations of plaintiff and his fraudulent conduct, and the great decrease in the value of the Comal County property by reason of the well being as found in conclusions of fact herein, and the loss by defendants by reason of not having the use of the stock, they were greatly damaged and are entitled to be recompensed therefor as shown in the verdict herein rendered by the court. That the damages accruing to them by reason of the misrepresentation as to the well is $900, and the damage sustained by them by reason of loss of use of stock and milk cows and work horses, is $104.

"3. That defendants should not, under the facts, have a cancellation of the title to the San Antonio property, and that it is equitable and just that if the defendants fail to pay the balance of the money due on the vendor's lien note, now incumbering said San Antonio property, and the same be paid by plaintiff, that he deduct the amount so paid from the judgment herein rendered against him."

At request of plaintiff, the court found additional facts as follows:

"1. The court finds that Charles and Mattie Varney did not pay off the incumbrance and give a release, as stated in their deed to plaintiff.

"2. They did not pay off any interest on said incumbrance after the execution of the deeds.

"3. The court finds that an interest note of $32 fell due before said defendants knew that the deed to the Comal County property was not deposited with the county clerk, and which they never paid.

"4. They never paid any taxes on the Comal County property.

"5. There were taxes past due on the San Antonio property when the deeds were executed, which the defendants Varney never paid.

"6. Defendants gave a written bill of sale to the furniture after they ceased to use plaintiff's cattle and horses.

"7. Plaintiff paid city taxes on the San Antonio property due for 1893 in the sum of $14.85, for which he received from the city of San Antonio a redemption receipt.

"8. Plaintiff paid the taxes on the Comal County property to keep it from being sold.

"9. Defendants never furnished plaintiff with an abstract of the San Antonio property.

"10. Defendants never made any demand on plaintiff to give them the deed to the Comal County property, but did demand it from F. J. Maier, who held said deed.

"11. The deed to the San Antonio property was actually delivered to the plaintiff Herring, and defendants never took any steps to revoke it other than the filing of his cross-bill.

"12. The deed to the Comal property was never actually delivered to

the defendant Varney, but was delivered to F. J. Maier to be recorded, when said Varney was to get it.

"13. Defendants Varney did not turn over to plaintiff any of the butter or milk they received from plaintiff's cows during the time they milked them.

"14. Defendant Varney did not attend to plaintiff's stock or assist in attending to them the winter after he moved on the Comal County property, because plaintiff turned out all the calves belonging to the milk cows which they were milking and forbid them to use them."

*Opinion.*—Appellant's first assignment of error objects to the action of the court in overruling his plea to the jurisdiction, and overruling his demurrer to that part of defendants' answer claiming land and damages and to quiet the title to the lot in San Antonio, because the court in Comal County had no jurisdiction to determine the same.

There was no error as assigned. The issue of the exchange of lands, the fraud of plaintiff, alleged and proven, was a proper one as a defense to plaintiff's action to recover the Comal County property, and the venue and jurisdiction, having attached to plaintiff's suit in Comal County, all legitimate defenses thereto could and should have been determined in the county where the suit was brought. It would not have been proper to separate the defenses to the action, and try the plaintiff's suit in one county and the defenses in another. The plaintiff's suit, properly brought in Comal County, drew to that jurisdiction all matters relevant to the case, either to maintain the action or to defeat it. Houghton v. Rice, 40 S. W. Rep., 349; Houghton v. Rice, 40 S. W. Rep., 1057, and authorities cited; Stein v. Frieberg, 64 Texas, 271; Seymour v. Hill, 67 Texas, 385, and authorities cited; Hill v. Osborne, 60 Texas, 390. In would be a singular rule to allow the maintenance of a suit in one jurisdiction, and send the defendant to another jurisdiction to make his defenses. The assignment of error is not well taken.

The second assignment of error complains of the court's overruling plaintiff's second, seventh, and ninth exceptions to the answer, upon the ground that it is bad for multifariousness and misjoinder of causes of action. It is the policy of the law to settle in one suit all matters of dispute growing out of the same transaction. Hill v. Osborne, supra; Harris v. Warlick, decided by this court October 27, 1897. There was no error as assigned. The third assignment of error is upon the same grounds, and is disposed of in the foregoing.

The fourth assignment complains of the action of the court in overruling plaintiff's second, third, fifth, seventh, and eighth special exceptions to defendants' answer, because the averments called in question are irrelevant, do not show claim to the land sued for, and show no reason why plaintiff should not recover the land. The fifth assignment is to the effect, that as the answer showed that the deed to the Comal County property was never delivered to Varney, no title passed.

Both of these assignments will be treated together. Defendants pleaded

special acts of fraud on the part of plaintiff, misrepresentations and bad faith in the exchange of land, and that the Varneys were deceived and damaged thereby. Defendants could recover their damages by reason of such fraud and base their defense to the suit to recover the land on the alleged fraud. It was finally alleged by defendants that the deed was delivered and the court correctly found that it was in fact delivered. We will state, in this connection, that the court's judgment eliminated all elements of damages except the claim for the representations as to the well of water and its failure and the claim for damages for failure to furnish milch cows and work-horses.

The damages adjudged were legitimate, growing out of the transaction for the exchange of lands, and defendants were entitled to their cross-suit and recovery for the same, as well as their relief to be quieted in their title and possession of the land sued for, pleaded in the alternative in case their deed to the San Antonio property should not be canceled. The court granted the alternative prayer and a part of the damages claimed. The damages recovered were properly granted as the result of the wrongs and misrepresentations of the plaintiff.

Demurrers to other damages for which there was no recovery need not be considered, as the ruling thereon was harmless. With these remarks we dismiss assignments of error addressed to the court's ruling on the subject of damages claimed by defendants, except in answer to the seventh assignment of error, which claims that the court erred in overruling plaintiff's seventh exception to the answer because the damages were not sufficiently itemized and stated in the answer, and on this question we must hold that there was no error as assigned.

There was no error in admitting testimony of damages resulting from the failure of water in the well, on which item the court awarded $900 damages. It is true the court did sustain plaintiff's demurrer to this item of damages as alleged in defendant's first amended answer. This was done on the 1st day of December, 1896, but subsequently, on the 3d day of December, 1896, defendants filed a supplemental answer to cure the defects of former allegations in this respect. The demurrer was not urged against the amended allegations, and there was no adjudication upon them. Consequently, the assignment of error, the evidence sustaining the damages claimed, is not well taken. It is of no consequence that these damages are not based on a breach of contract, as contained in the writings between the parties. They were based on his fraudulent representations, as an inducement to the exchange of properties, that the well was a never-failing well of sufficient volume of water for all domestic and stock purposes, which representations were relied on by the defendants, and without which the exchange would not have been made, and which representations were false, as found by the trial court, upon testimony that warranted the conclusion. This ground for recovery was based on the fraud in the transaction, and it was not necessary to such recovery that the basis of it should be in writing. The well was a part of the land conveyed to the Varneys, and the fraud was a matter of proof by parol

testimony. Parol evidence is admissible to prove fraud by false representations in the sale of land. Rich v. Ferguson, 45 Texas, 396; Association v. Brewster, 51 Texas, 263; Routh v. Caron, 54 Texas, 292, and authorities cited; 1 Greenl. on Ev., secs. 931, 932.

The court did not err in rendering judgment for the Varneys for the Comal County property, as assigned in the ninth assignment of errors. Plaintiff did not show a good title to the property, The court below decided correctly that the deed of plaintiff to the Varneys was delivered to defendants.

The evidence was sufficient to establish the fact as found by the court below that the deed was delivered. After plaintiff had received the deed of the Varneys to the San Antonio property, the deed of plaintiff to them for the Comal County property was delivered to F. J. Maier, the party who took the acknowledgments to the deeds, with the understanding that Maier was to deposit the deed with the clerk to be recorded, and that defendants might at any time call upon the clerk for the deed. This constituted a delivery, though Maier did not deposit the deed with the clerk and notwithstanding Maier refused to deliver the deed to Varney and wife when they subsequently called upon him for it. In equity, the deed should have been delivered, and it will be held that it was delivered. The lands were delivered and the parties were put into possession according to the agreement of exchange represented by the deeds. No defect is shown in the title of the Varneys to the San Antonio property except that it was subject to a vendor's lien note for $800, which the Varneys agreed to pay off and discharge at the time of the agreement to exchange lands. This was a part of the original agreement of sale, and, plaintiff knowing the fact, there is no reason for refusing to deliver the deed, and the failure to produce an abstract of title to the San Antonio property was wholly immaterial.

The deed of plaintiff and wife to Varney and wife of date September 5, 1894, to the Comal County property, recites as consideration the conveyance of a certain tract of land, the San Antonio property, by Varney and wife to plaintiff, and a collateral note of $800, secured by lien on the above property in San Antonio, to be paid on or before January 1, 1896, bearing 8 per cent interest, signed by Varney and wife. The deed to Varney and wife expressly retains a vendor's lien on the Comal County property, "until the above described notes and all interest thereon are fully paid, according to their face, tenor and effect and reading, when this deed shall become absolute."

The deeds passing title to both parties were properly acknowledged for record. The deed of Varney and wife to Herring was of the same date, September 5, 1894, and recites as consideration the conveyance to them of the Comal County property, in which they agree to pay the note for $800, balance due of purchase money on the San Antonio property.

Appellant also in his ninth assignment of error complains that the court erred in rendering judgment for the Varneys for the Comal County property, because the deed to the same was not an absolute deed, but

showed on its face that the vendor's lien was retained to secure the payment of the $800 note, after which the deed was to become absolute.

The court below correctly found as a fact that, by reason of the fraud and bad faith of plaintiff, defendants had suffered damages to a greater amount than the $800, and that this debt, represented by the note, was overpaid. We believe that, in so far as defendants were bound to plaintiff to pay the $800, the obligation was discharged by the damages suffered by defendants. The matter as between plaintiff and defendants was equitably adjusted by the judgment of the court, and it should not be held that defendants should not be quieted in their title and possession of the Comal County property, upon plaintiff's claim that the vendor's lien still incumbered the land. As to plaintiff, this lien was discharged. Plaintiff first breached the contract of sale.

The judgment of the court for the Varneys is not objectionable, because it adjusted the indebtedness of the parties to each other and thereby released the vendor's lien on the Comal County property. This action of the court was proper under the evidence. The assignment challenging the judgment of the court upon the ground that it released the vendor's lien is overruled.

The judgment of the court in favor of defendants for $104 damages on account of plaintiff's failure to furnish the milch cows and work-stock, was proper under the pleadings, which properly made the issue. It was sustained by the testimony.

Appellant objects to the court's sixth finding of fact, that the plaintiff acted fraudulently in regard to the well, his refusal to deliver the deed to defendants, and refusal to carry out the terms of his agreement in regard to the stock. The evidence was abundant to establish the fraud as found by the court. The objection to the finding, that it is not a finding of fact but of law, is of no importance.

It was not error to find, as was done by the court below, that plaintiff first violated his contract. In a short time after the Varneys took possession of the Comal County property, plaintiff turned out the calves and refused to allow them to milk the cows. Defendants had not at this time failed in the performance of any part of their agreements. His contract was also violated from the beginning by his false representations as to the well.

He represented to defendants, when they went out to inspect the Comal County property prior to the trade, that the well was a never-failing well of water and would furnish sufficient water for domestic purposes and stock purposes. This was done to induce the trade. Defendants relied upon his representations and were deceived thereby, and were so induced to make the trade pending. There is evidence showing such facts; and also sufficient evidence to support the finding of the court upon the subject, as well as to support the finding that he knew his statements were untrue. The well had been dry before, and parties occupying the premises hauled water for family use, and the well went dry while in the possession of defendants, and they had to haul water to the place for the pur-

poses he had represented the well sufficient to supply. There was considerable water in the well when defendants looked at it, pending the trade, and his representations and the subject matter of them were of a character to deceive and did deceive defendants.

The testimony does support the finding of the court that plaintiff was to furnish feed for the stock for the first year of defendants' occupancy of the premises conveyed to them, and that the use of such stock was valuable, as found by the court. The assignment of error addressed to such finding is not sustained.

There was testimony to support the finding of the court of $900 damages on account of the failure of the well, and we can not say the amount is excessive. Conrad Pape testified that he lived in Comal County, about two miles from the land in question, and as follows: "I am acquainted with defendants; * * * they hauled water from my place about four months. I have known this well for thirty-one years. I went to look at the well at the request of Mrs. Varney, and I could not [get] as much as a bucketful of water with a cup. It was dry when Theodore Herring lived on the place, for he hauled water one time. He is a brother of plaintiff, and lived there before plaintiff, three-quarters of a mile from plaintiff. Plaintiff lived on the place ten or twelve years. I was over there quite frequently while plaintiff lived there, and I never heard him say anything about the well going dry."

Cross-examined: "Theodore Herring lived on the place about 1880. I don't know how long he hauled water. The same year he hauled water, I had to haul water also; others also hauled water that season. It takes a dry season to make the water dry out of this well. I never saw John Herring haul water. My well is 371 feet deep. I don't know of any fifteen or twenty-foot well that will give lasting water." [The well in question is a shallow well.] "I know of two springs that do not go dry." * * *

Redirect examination: "A well in that country with abundance of water is very valuable. A well that furnishes an abundance of water is worth $2000 at least; makes no difference whether it is a shallow or a deep one. A shallow well is worth more than a deep one, as the expense of machinery to pump it is not required. A shallow well is worth $1000 more than a deep one in the course of thirty years' time."

Mrs. Varney testified that there was water in the well when they moved there, and it came nine or ten feet from the top. "Herring said the well was eighteen or twenty feet deep. In a short while the water was bad and unfit for use. We cleaned out the well. The same amount of water never did run in again. The water gave out in a short time. My husband hauled some, but I hauled the most of it."

Plaintiff testified that when Varney asked what the hole beside and close to the well was for, when they were out at the place pending negotiations for exchange of places, "I told him the well did not deliver water enough for my stock and house use, in very long and dry seasons, and I got my water from the other place, about one-half mile from the house. The reason for digging the hole near the well was I thought I could

strike the main vein of water. That was all that was said about the water until later."

We see there was sufficient evidence to authorize the court in finding that Herring knew the well would not furnish water for household and stock purposes, and that for the failure of the well $900 was not excessive damages. The evidence justifies the finding that plaintiff made the representations as to the well furnishing never-failing water for domestic and stock purposes.

Appellant asigns as error the failure of the court to "find whether or not defendants are intelligent or simple minded." This assignment need not be considered.

As before stated, there was evidence sufficient to authorize a verdict that the deed was delivered to defendants, and the assignment to the contrary is overruled.

The objection to the Varneys' testimony that plaintiff was to furnish stock, implements, etc., is not tenable, as we have before seen.

The trade between the parties was not all reduced to writing. The consideration of the trade was not fully expressed in the deeds, and it was not improper to prove the same by parol. McLean v. Ellis, 79 Texas, 398; Railway v. Jones, 82 Texas, 161. The testimony was also admissible on the allegations of fraud: Railway v. Garrett, 52 Texas, 137; Railway v. Jones, supra. What has been said disposes of the nineteenth assignment of error adversely to appellant.

No satisfactory reason can be given for holding that the court erred in permitting the Varneys to testify as to the value of milch cows and a work-horse per year. The value placed upon the same might be unreasonably large, but that would only go to the weight of the testimony. Nor do we see that the Varneys were not qualified, as insisted by appellant, to estimate the rental value of the city property, the value of the same, and the value of the Comal County eighty acres of land.

On cross-examination of defendant Varney, plaintiff's counsel asked him the following questions: "Is it not a fact you knew the land would be sold for taxes if the taxes were not paid? Did you not know that the vendor's lien would be foreclosed on the San Antonio property if the interest is not paid and if the principal is not paid?" The court sustained objections of defendants to these questions, that the matter was irrelevant and immaterial, and it had appeared that plaintiff had broken and violated his agreement. Plaintiff reserved a bill of exceptions, and now assigns the ruling as erroneous.

The bill does not show what the answers to the questions would have been. It explains that the object of the testimony was "to prove that defendant had an utter disregard for the safety of either piece of property, did not handle either as a person does his own property, and knew he had no interest in either." The bill and the assignment thereunder can not be considered, because the answers to the questions are not disclosed. King v. Gray, 17 Texas, 71; Beeman v. Jester, 62 Texas, 433; Haney v. Clark, 65 Texas, 98; Beeks v. Odom, 70 Texas, 186; McAuley v. Harris,

71 Texas, 639; Railway v. Locker, 78 Texas, 284; Cheek v. Herndon, 82 Texas, 151, 152.

The court awarded no damages for expense of the Varneys and loss of time in moving from Bexar County, and hence, if the court committed error in admitting evidence to establish the same, it was harmless.

The twenty-sixth and last assignment or error is not well taken. The principles controlling the questions raised have been discussed and disposed of in the foregoing.

We have found no reversible error in the trial of the case or in the judgment of the court, and it is affirmed.

*Affirmed.*